THE PEOPLE EX REL. BERNARD MEISTER v. THE ANSHEI CHESED HEBREW CONGREGATION OF BAY CITY.

*Mandamus to Restore to Membership.*

Mandamus to compel a religious corporation to restore to membership a person whom it had expelled, was refused in the

discretion of the court where it appeared from the pleadings that the society had no property, and would be destroyed if the relator were restored to membership, and that he had acted in hostility to its interests, had given grounds for regular removal, and if restored might be at once put out.

MANDAMUS.    The facts are sufficiently shown in the opinion.    Submitted October 19.    Decided October 30.

*George P. Cobb* for the writ.    A member of a corporation cannot be expelled for disrespectful language to its presiding officer, *Dilcher's Case*, 6 Lans., 172; Ang. & Ames on Corp., § 413 and n. 1, nor without notice, *Fuller v. Plainfield, etc.*, 6 Conn., 532; *Com. v. Penn. Beneficial Institution*, 2 S. & R., 141; *Innes v. Wylie*, 1 Car. & Kir., 257; he cannot be expelled for having committed an indictable offense, unless he has been actually indicted and convicted. *Rex v. Liverpool*, 2 Burr., 732; *People v. Med. Society*, 32 N. Y., 194; *Fawcett v. Charles*, 13 Wend., 476; 2 Kent's Com., 297–9.    Unless the cause and mode of removal are clearly shown to be regular, mandamus should issue to restore him to membership, *Society for Visitation of Sick v. Commonwealth*, 52 Penn. St., 125; *Com. v. German Society*, 15 Penn. St., 251; *Green v. African, etc., Society*, 1 S. & R., 254; *Com. v. Guardians of Poor*, 6 S. & R., 475, and the regularity of the proceedings should appear on the society's minutes, *Roehler v. Mechanic's Aid Society*, 22 Mich., 92.    The action of an ecclesiastical tribunal is reviewable by the courts, *Com. v. St. Patrick Society*, 2 Binn., 448; *Com. v. Philanthropic Society*, 5 Binn., 486; *Franklin Beneficial Association v. Com.*, 10 Penn. St., 357; *Doyle v. N. Y. etc. Society*, 3 Hun, 361; *Dilcher v. German Church*, 3 Lans., 434.

*Charles H. Denison* against.

GRAVES, J.    This is a proceeding for mandamus.

The case stands on demurrer to the answer made to the order to show cause and the demurrer admits all material matters in the answer.

The application claimed that relator had been unjustly and irregularly expelled from the society and congregation, and the facts stated in the answer admit the expulsion and lead to an opinion that it was irregular. At the same time the answer shows and the demurrer admits that the society has no property; that relator had acted in hostility to the interests of the society and had given grounds for regular removal and that his restoration would destroy the society. Moreover, enough is admitted to show that if restored he might be at once immediately put out.

Under these circumstances the discretion vested in the court will be but exercised by refusing to grant a peremptory mandamus. *State v. Lusitanian Portuguese Society*, 15 La. An., 73; *The King v. Griffiths*, 5 Barn. & Ald., 731; *Rex v. Mayor &c. of Axbridge*, 2 Cowper, 523; *Same v. The Mayor &c. of London*, 2 Term. R., 177; *Ex parte Paine*, 1 Hill, 665.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit in this case.