FRANK W. LAMPHERE v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF THE STATE OF MICHIGAN.

*Corporations—Assessments on members—Mandamus.*

A society organized under a Michigan incorporation act cannot subject itself or its members to the jurisdiction of an authority existing outside of the State and beyond the control of the Michigan laws.

A grand lodge of the Ancient Order of United Workmen, incorporated under Comp. Laws ch. 94, cannot compel its members to pay assessments made under the orders of a supreme lodge incorporated under the laws of Kentucky and not subject to Michigan courts. Nor can it suspend members from their privileges as such for refusing to pay such an assessment.

*Mandamus* is a discretionary writ and will not usually lie to settle the controversies of private corporations where the facts are not important on public grounds, or would not justify the interference of the court if corporate authority did not exist.

Redress for injuries received from private corporations organized for joint or partnership undertakings, should be sought at common law, not through *mandamus* proceedings.

Mandamus.   Submitted Jan. 10.   Granted Jan. 13.

*A. D. Griswold* and *John C. Shields* for the relator.

*Henry C. Sessions* for respondent.

PER CURIAM.   This is an application for a *mandamus* to compel the recognition of relator as a member of one of the subordinate lodges of the order of which respondent is the supreme governing authority in this State.   As such member he stands insured by the respondent in the sum of $2000, payable on his death, or on his surviving for a specified term of years.   He stands suspended by the respondent, and thereby loses his insurance, for refusing to recognize and pay an assessment made under the orders of the supreme lodge of the order, which is a corporation existing under the laws of Kentucky, and not subject to this jurisdiction.   The assessment was made to pay losses on risks taken by the order in other states and by other state grand lodges.   The respondent is a Michigan corporation existing under chapter 94 of the Compiled Laws of 1871.

The relator is not liable to pay the assessment.   It is not competent for the respondent to subject itself, or its members, to a foreign authority in this way.   There is no law of the State permitting it, nor could there be any law of the State which would subject a corporation created and exising under the laws of this State to the jurisdiction and control of a body existing in another state, and in no manner under the control of our law.   The attempt of the respondent to do this is an attempt to set aside and ignore the very law of its being.   *A mandamus* will therefore issue as prayed.

No point was made on the argument as to the propriety of affording to the relator this particular remedy, and as the case is one in which the general law of the State under which respondent is organized is being ignored and perverted, we are not disposed to go beyond an examination of the equities.   But as individuals may now incorporate themselves for almost any lawful purpose, it must not be under-

stood that because parties see fit to adopt that course instead of carrying on their joint operations as partners or as unincorporated associates, this court is to take to itself the settlement of their quarrels and controversies by means of the writ of *mandamus. McBride v. Grand Rapids* 32 Mich. 360; *Water Com'rs v. East Saginaw* 33 Mich. 164; *Meister v. Anshei etc. Congregation* 37 Mich. 542. This is a discretionary writ, and in general we shall decline to interfere by means of it in the controversies of private corporations when the facts are not such as to be important on public grounds, or such as would justify our interference if corporate powers did not exist. The better way is for parties wronged by the action of such bodies to seek the proper remedy in common-law suits.