MARSHALL G. SMITH v. THE ESTATE OF WILLIAM LOYD, DECEASED.

[See *post*, 624.]

*Estates of deceased persons—Commissioners on claims—Appointment of third commissioner—Notice—Equal division of tribunal —Appeal.*

1. A disagreement by *equal* division of members of the tribunal of trial is, according to universal authority, equivalent to a denial of the claim in litigation, and has the force of a judgment.

2. Until the passage of Act No. 109, Laws of 1883, providing for the appointment of a *third* commissioner on claims against the estate of a deceased person, the *sole* remedy of a claimant on a disagreement of the *two* commissioners was by appeal.

3. The appointment of a *third* commissioner on claims against the estate of a deceased person, under Act No. 109, Laws of 1883, is a proceeding directly affecting both claimant and the estate, and *both* have a right to be heard; and an *ex parte* appointment made on the application of a claimant, who has appealed from the rejection of his claim, is void, unless accepted by the administrator.

4. By appealing from the rejection of a claim by the commissioners on claims against the estate of a deceased person, the claimant waives his right to ask for the appointment of a *third* commissioner under Act No. 109, Laws of 1883.

Error to Saginaw.  (Gage, J.)  Argued October 5, 1888. Decided October 12, 1888.

Administrator brings error from judgment of circuit court allowing claim against estate on appeal.  Reversed, and action of commissioners on claims set aside for want of jurisdiction.  The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Durand & Brewer,* for appellant.

*Camp & Brooks,* for plaintiff.

CAMPBELL, J.   This case came up first on appeal from commissioners on claims against the estate of William Lloyd, deceased, in the circuit court for the county of Saginaw, from which court it is brought here on error.   The only claim now in controversy is one arising out of agreements in a lease of a hotel made by decedent to Marshall G. Smith, the claimant.   Lloyd owned a hotel and some adjoining property in East Saginaw, and in December, 1882, made a lease of it to Smith for five years from January 15, 1883. This lease contained an agreement to sell the property to the lessee on certain terms not material here.   It contained a further agreement by Lloyd to build 56 rooms in a building to be put up adjoining the hotel, which were to be finished October 15, 1883, and which Smith was to have during the term of his lease, at the rate of $15 a year for each.   Some of these were ready and some were not at the time appointed. They were not all completed until January, 1884.

The claim in dispute is for damages arising out of the failure to finish these rooms in time.   Lloyd died in December, 1885.   Previous to this, in February, 1884, an agreement was made to arbitrate, which for some reason fell through.   The claim was presented to the commissioners after his death.

As some difficulty arose out of the manner in which the commissioners acted, and concerning the character of the appeal, it may be referred to.

Plaintiff presented a claim in three items, all of which grew out of the lease, but which were for different grievances. The two commissioners rejected two of these items.   The third, which was for the failure to have the rooms ready, they reported they could not agree upon.   This result was reported August 25, 1886.   On the fifth of October, 1886, upon claimant's *ex parte* application, without notice to Lloyd's representatives, the judge of probate revived the commission, and named Archibald Brown to act as a third commissioner on this claim, with William R. Kendrick and

Isaac Delano, the former commissioners.    On the next day Mr. Durand moved to have this appointment set aside, but the motion was denied.

On October 23, 1886, Mr. Smith, the claimant, appealed from the action of the first commissioners in disallowing two of his items of claim, and failing to allow the rest.    The three commissioners met in December, 1886, and the administrator objected by a plea in abatement to their proceeding further, on the ground that the appeal had transferred the whole controversy to the circuit court.    Two of them, the other dissenting, decided to retain jurisdiction; and not only allowed the plaintiff's claim on which the first commissioners differed, but also allowed one of the claims on which they had not differed, and which the new commissioner had not been called in to decide.    From this action the administrator appealed.

In the circuit court the plea in abatement was sustained as to all but the claim on which the first commission disagreed, and overruled as to that.    The case was tried upon that item alone.    The jury found for the plaintiff the sum of $524.11, and found specially that the building was completed and ready for occupancy on January 1, 1884.    Nevertheless, judgment was rendered for damages up to January 15, 1884.    As the case presents other difficulties, this need not be considered.

The appeal which was tried was that taken by the administrator, and not that taken by the claimant.    We think the entire action of the last commission was unauthorized, and must be held void for two distinct reasons.

In the first place, there can be no doubt of the appealable character of the action of the first commission.    They agreed upon a part of the claim and disagreed upon the rest.    A disagreement by equal division of the members of a tribunal of trial is, according to universal authority, equivalent to a denial of the claim in litigation, and has the force of a judg-

ment.  Until the statute of 1883, it was the final action of disagreeing commissioners, and the claimant had no other remedy except by appeal.

In 1883 a law was passed (Laws of 1883, p. 100) which provided for the appointment by the probate court of a third commissioner to sit upon such claims as were not agreed upon. While the statute says that the court of probate " shall appoint," it cannot be assumed that the judge has any right to do this on his own motion, and without the application of some party interested.  It is an important matter, and requires consideration of capacity, fitness, and impartiality.  It is a proceeding directly affecting both the claimant and the estate, and both have a right to be heard.  The choice of commissioners is not a matter in which the parties have no voice. It is one which, especially where it is made to furnish an umpire, should never be made without giving opportunity to be heard.  Notice in such a case is as much an implied condition as it is in all other analogous cases of action affecting private rights.  By taking his appeal covering the whole claim before the new board met, the claimant waived any right to ask a new appointment, and the *ex parte* appointment was void altogether, inasmuch as the administrator refused to accept it.

It follows that the new commission had no legal right to proceed in hearing the claims.  This action was of no legal validity, and the appeal of the estate was well founded on the question of jurisdiction.

It is not necessary for us to consider at this time the condition of the first appeal.  No proceedings under it are now before us.  We were at first inclined to think that, inasmuch as both appeals were from the action of commissioners upon the same claim, the trial might be considered as proper under one or the other, and the rulings might therefore be reviewed on the merits.  But this confusion of appeals cannot be permitted, where, as here, the action of one body was nugatory,

and incapable of sustaining an issue on the merits. Each appeal is brought on different security to abide the result. One appellant here must, if both are consolidated, be the prevailing party on one appeal which he brought himself, and on one which he did not bring, and on which he gave no bond. They are not cross appeals from the same judgment, but separate appeals from different judgments. As this cause was tried on the administrator's appeal, which was regularly taken, and must be sustained on the jurisdictional objections, the proper judgment will set aside the whole action of the last commission, and can leave no issue of fact to be tried at all. We cannot, therefore, grant a new trial, where there is nothing to try.

The record presents some very important questions of law concerning the measure and ascertainment of damages. But until an issue had been legally tried and determined at the circuit upon a proper appeal, we cannot discuss questions which may never come before us, and may not, if brought, come up in the same way.

We are not in a position on this record to discuss the continued efficacy of the first appeal.

The judgment must be reversed, with costs of both courts, and the action of the commissioners be set aside for want of jurisdiction.

The other Justices concurred.