LORENZO T. DURAND, ADMINISTRATOR OF THE ESTATE OF WILLIAM LLOYD, DECEASED, ET AL. V. CHAUNCEY H. GAGE, JUDGE OF SAGINAW COUNTY.

[See *ante*, 619.]

*Appeal from probate court—Filing of papers in circuit—Mandamus.*

1. The writ of *mandamus* is not one of *right*, and the Court is not disposed to use it on technical grounds to deprive a suitor of his day in court.

   So *held*, where *after* the allowance of an appeal from the rejection by the commissioners of a claim against the estate of a deceased person, and *before* filing the proper papers in the circuit court, the claimant secured on an *ex parte* application the appointment of a *third* commissioner under Act No. 109, Laws of 1883, and upon a rehearing his claim was allowed by the *new* commission, and by the circuit court on an appeal taken by the administrator, which last judgment was reversed in the Supreme Court, and the proceedings before the new commission set aside for want of jurisdiction, the appointment of the third commissioner being held invalid; whereupon the claimant filed the necessary papers to perfect his appeal, and, a motion to dismiss the same being denied, the administrator applied for a *mandamus* to compel such dismissal, which writ was denied.

2. The provision of How. Stat. § 5911, requiring the appellant from probate court to file in the circuit court, at or before the next term of such court after the appeal is allowed, a certified copy of the record of the allowance or disallowance appealed from, and of other papers, is held to have been *directory*, and that prior to the passage of Act No. 175, Laws of 1887, the circuit court had *power* to entertain the appeal although such transcript was not filed within the period directed by said statute.

*Mandamus.* Submitted June 25, 1889. Denied October 18, 1889.

Relators applied for a *mandamus* to compel the respondent

to vacate an order denying a motion to dismiss a probate appeal. The facts, and points of counsel *passed* upon by the Court, are stated in the opinion.

*Durand & Brewer*, for relators.

*Camp & Brooks*, for respondent.

MORSE, J. Application for *mandamus*.

December 25, 1885, William Lloyd died intestate. January 23, 1886, Lorenzo T. Durand was appointed his administrator.

On the same day William R. Kendrick and Isaac Delano were appointed commissioners on claims against the estate, and afterwards qualified. Marshall G. Smith filed a claim against Lloyd's estate, consisting of *three* items. August 25, 1886, the commissioners reported, rejecting *two* of the items, and disagreeing upon the other; Delano finding against the whole claim.

October 5, 1886, Smith petitioned the probate court for Saginaw county for the appointment of a third commissioner to act with Kendrick and Delano, for a revival of the commission, and a rehearing of Smith's claim. The petition was granted, without notice to the administrator, and Archibald Brown appointed such commissioner.

These commissioners again met in December, 1886, and the administrator appeared before them, and objected to their jurisdiction for two reasons:

1. Because of the want of notice to him of the application for and the appointment of the *third* commissioner.
2. Because of the steps taken by Smith to appeal from the report of the two commissioners."

It appears that on the twenty-third day of October, 1886, and within the time allowed by statute, Smith had filed his application for appeal in the probate court, and filed his bond

on appeal. An order was made by said court allowing the appeal, and the required notice was duly served upon the administrator. The administrator claimed that an appeal had been taken, and the claimant answered that certified copies of the report of the commissioners, and the order allowing the appeal, had not yet been filed in the circuit court, and that therefore jurisdiction of the claim was still in the probate court, and the commissioners were authorize⁊ in law to act upon it.

A majority of the commissioners decided to hear the case, and in May, 1887, allowed Smith's claim at the sum of $533.20.

The administrator thereupon appealed to the circuit court.

March 8, 1888, this appeal was tried in the circuit. Smith prevailed, and his claim was fixed at the sum of $524.11.

The case came to this Court, and was decided October 12, 1888. It was held here that the whole action of the three commissioners was void. It was claimed upon the argument that the item of the claim upon which Smith prevailed in the probate and circuit courts was already pending in the circuit court of Saginaw county upon the appeal first made, which had not been abandoned. This claim was made by the counsel for the administrator. We held that the disagreement of the commissioners upon this item was a virtual finding against it, and that an appeal would lie therefrom, although we did not undertake to decide upon the validity or standing of the appeal that had been taken, and was then apparently pending. See *Smith v. Lloyd Estate*, 76 Mich. 619 (39 N. W. Rep. 756).

After the filing of the above-named opinion, and on the seventeenth day of November, 1888, Smith filed in the circuit court for the county of Saginaw a certified copy of the report of the first commission, and of his application for leave to appeal, and of the order allowing the same, and on

the nineteenth day of the same month served upon the administrator the following notice:

"MARSHALL G. SMITH
       *vs.*
"THE ESTATE OF WILLIAM
     LLOYD, DECEASED.

"You are hereby notified that certified copies of records, reports, files, and papers required to be filed in the circuit court to perfect an appeal from the decision of the first commissioners in this cause have this day been filed in the office of the clerk of the circuit court, and said cause is now ready for trial on appeal from first commissioners.
                                        "CAMP & BROOKS,
                                             "Plaintiff's Attorneys.
"Nov. 19, 1888."

November 30, 1888, Durand & Brewer, attorneys for the estate, moved the dismissal of the appeal upon four grounds, to wit:

1. The certified copy of the record of the allowance or disallowance appealed from, and other papers necessary to be filed on such appeal, were not filed the next term of the court after said appeal.

2. Said appeal had been waived or abandoned by Smith, and said appeal dismissed, on his motion, before the filing of said appeal papers in said circuit court.

3. Said Smith has been guilty of inexcusable laches in entering his said appeal, and filing said appeal papers, in the circuit court, and has failed to prosecute such appeal as required by law.

4. The circuit court has acquired no jurisdiction to entertain said appeal.

Upon hearing this motion, the circuit judge refused to dismiss the appeal.

This Court is now asked to issue its writ of *mandamus* requiring the circuit court of Saginaw county to vacate its order denying said motion to dismiss the appeal, and to enter an order that said appeal be dismissed, and that the claim of said Smith be forever barred against said Lloyd's estate.

It will be seen from the foregoing statement of the facts regarding the litigation between Smith and the estate of Lloyd that the claimant has as yet had no opportunity of trying said claim upon its merits except before the first commissioners, as the proceedings taken before the last commission, and afterwards in the circuit court, where Smith prevailed, have been declared by this Court to be null and void because of want of authority to appoint said commission. If the prayer of the relators be granted, and the writ issues, the claim of Smith is forever barred, without his having an opportunity to establish it.

We do not think the third ground—that of laches upon the part of Smith—is tenable. He may well be excused from pushing this appeal while the second one was in progress and being litigated; and the fact that he prevailed both in the probate and circuit courts upon his idea that it was proper to re-open the commission, and appoint a third commissioner to sit with the others upon the item as to which the first commission disagreed, shows that his error as to the law was not an inexcusable one.

Nor do we understand that he ever abandoned his first appeal. His claim in the circuit court was that the appeal had not yet reached the circuit court, because the proper papers showing jurisdiction in that court had not yet been filed therein; and such was the judgment of the circuit court in passing upon the motion to dismiss the second appeal, because of the pendency of the first one.

We held in *Smith v. Lloyd Estate*, 76 Mich. 619, that the court below was wrong in this holding, and that by taking his first appeal Smith waived any right to ask a new appointment of a commission. To turn around now, and hold that by the taking of the second appeal, which we have held he had no right to take, he has waived and abandoned his first appeal, would deprive him of all opportunity to press his claim against the estate, and also be not only a failure, but a

deprivation, of justice. The writ of *mandamus* is not one of right, and we are not disposed to use it on technical grounds to deprive a suitor of his day in court.

The only remaining question to be determined is this: Was the right of appeal, perfected and granted in the probate court, lost by the failure of Smith to file the necessary papers in time in the circuit court, under the statute providing for and regulating such appeals? It is admitted that all the documents necessary to confer jurisdiction upon the circuit court were filed before the motion to dismiss was made, but it is insisted by the relators that they should have been filed before the next term of such court after the order allowing the appeal was granted in the probate court. The fact is that several terms of the court elapsed before the papers were filed.

The statute in force at the time this appeal was taken, after providing for the application for and allowance of appeals in the probate court (How. Stat. §§ 5907–5910), further provides that—

" The party appealing shall procure and file in the circuit court to which the appeal is taken, at or before the next term of such court after the appeal is allowed, a certified copy of the record of the allowance or disallowance appealed from, of the application for the appeal, and the allowance of the same, together with the proper evidence that notice has been given to the adverse party according to the order of the probate court." How. Stat § 5911.

Section 5912 provides for the trial of such appeal after such filing, and further provides that in case the claimant fails to appear at the next term after such appeal shall have been perfected, or within such further time as the court shall direct, such claim shall be disallowed. Another section provides that, in case a claimant shall fail to prosecute his appeal in the circuit court, such claim shall be forever barred. How. Stat. § 5914.

It is contended by the relators that these sections of the

statute clearly require the claimant, not only to file his transcript in the appellate court *at or before* the next term *after* the allowance of the appeal, but also to appear there, and be ready to prosecute his claim, and that, failing to do so, his appeal must be dismissed, and his claim forever barred ; and that the appellate court has no discretion in the case, and no power to enlarge or extend the time for the filing of the transcript, or for appearance, after such first term has passed

It will, however, be noticed that the statutes nowhere provide that a failure to file the transcript before or at the next term of the circuit court after the allowance of the appeal shall bar the claim, or entitle the estate to a dismissal of the appeal ; and, as bearing on this question, the legislative action of 1887 has some significance. In Act No. 175 of that year we find an amendment to section 5911, How. Stat., providing for the dismissal of the appeal, and the barring of the claim, if the transcript is not filed within 30 days after the order in the probate court allowing the appeal, with a proviso that the circuit court, upon application, within the first 10 days of the term of court next succeeding the expiration of the said 30 days for filing said transcript, may re-instate said appeal when the party making the appeal has been prevented from perfecting the same by circumstances not under his control.

It would seem from this legislation that the law-making power deemed it necessary to make the failure to file the transcript within the time stated by the statute a dismissal of the appeal by express words, and not leave it to implication. It is also an argument in favor of the position taken by Smith's counsel that the direction of the statute (section 5911, How. Stat.) was directory and not mandatory, and that the circuit court had power to entertain the appeal although the transcript was not filed within the period directed by the statute.

I think, under the statutes existing when this appeal was taken, that it was within the discretion and jurisdiction of the circuit court to retain the appeal. Sufficient excuse, in

my judgment, was shown for the delay in filing the transcript. It certainly was not desirable that two appeals involving the same claim should be prosecuted at the same time.

Under the circumstances, the claimant, Smith, was justified in waiting the final determination of the second appeal, which was being prosecuted by the administrator. The writ will therefore be denied, with costs.

The other Justices concurred.