ELECTRIC PARK AMUSEMENT CO. *v.* WAYNE CIRCUIT JUDGE.

MANDAMUS—ISSUANCE—DISCRETION—EQUITY.

Mandamus is a discretionary writ and will not be issued except to enforce a clear legal right and in furtherance of justice; and relators, who were parties defendant to a bill for the foreclosure of a mortgage, filed a plea, the material provisions of which were waived by the subsequent conduct of relators, which, on complainant's motion, was stricken from the files, are not entitled to a writ to set aside said order.

Mandamus by the Electric Park Amusement Company and another to compel Alfred J. Murphy, circuit judge of Wayne county, to vacate an order appointing a trustee. Submitted February 13, 1909. (Calendar No. 23,293½.) Application denied March 3, 1909.

*George W. Radford*, for relators.

On October 26, 1905, the Electric Park Amusement Company executed to the Union Trust Company, trustee, a first mortgage upon its real estate in Detroit to secure an issue of $80,000 of its first mortgage bonds. Subsequently it conveyed its said real estate to the Electric

City Amusement Company, subject to said mortgage. On April 1, 1907, the last-mentioned amusement company mortgaged said property to the Union Trust Company, trustee, to secure an authorized issue of $300,000 of second mortgage bonds, of which $123,100 were outstanding at the time the bill of complaint hereinafter referred to was filed. Being then the mortgagee in both mortgages, and acting under the command of a majority in amount of the bondholders secured by the first mortgage, said Union Trust Company, acting as trustee, filed a bill to foreclose said first mortgage. On May 14, 1908, the Union Trust Company gave notice to the Electric City Amusement Company of its resignation as trustee under the second mortgage, pursuant to the provisions of said mortgage, with its reason therefor, viz., its obligation to foreclose said first mortgage. The bill was filed on May 18, 1908; relators and the Union Trust Company, trustee, under the second mortgage, being made defendants. Relator thereafter, and on August 15, 1908, filed a plea, alleging, in substance, that under the provisions of said second mortgage a notice of three months was requisite to a resignation by said trustee before it could resign; that it attempted to tender its resignation on May 14, 1908, without previous notice, but it was not thereby relieved of its trust; that in its bill filed four days later it was named as a defendant, and that its rights and interests as trustee under said two mortgages were adverse and inconsistent, and no person interested in said second mortgage as cestui que trust is made a party; and that no successor had been chosen to succeed to said trust. The plea asked that the relators be not required to answer, and that the bill be dismissed as to them. No further action was taken in said cause until January 28, 1909, when the complainant in said cause filed a motion to strike said plea from the files. The affidavit in support of said motion shows that it gave notice of its desire to resign on the 9th of May, 1908, to the relator and to the several holders of bonds secured by said second mortgage,

and called a meeting of said bondholders for May 13, 1908, that at said meeting it stated that it had been directed to foreclose said first mortgage, and requested said bondholders (then and there assembled) to accept said resignation, but the counsel of said bondholders refused to accept said resignation or to recommend the appointment of a successor as trustee. Its resignation in writing was tendered, and subsequently the bill was filed as stated. Afterward repeated efforts were made to induce said bondholders and said company to accept said resignation but without avail; George W. Radford, its counsel, representing also a majority in amount of its bondholders, refusing to do so, and subsequently filing said plea on August 15th. On August 19th said resignation was accepted, and on the same day the Detroit Trust Company was appointed its successor as trustee. Thereafter said Radford was requested, but refused, to withdraw said plea. The motion was granted. Thereupon relators representing both of said amusement companies filed the petition in this cause, asking a mandamus to compel the vacation of said order.

HOOKER, J. (*after stating the facts*). The writ of mandamus is never issued unless to enforce a clear legal right and in furtherance of justice. There is abundant reason why these relators are not entitled to it. If there was any just reason for the filing of said plea (which we do not intimate), it was removed by the acceptance of the resignation and appointment of a new trustee a few days later. Both parties thereafter allowed the cause to rest, and the court might well treat the plea as waived, and strike it from the files upon the showing made. If the new trustee is not already before the court, doubtless complainant will see that it is brought in as a defendant. It would be unjust and inequitable, after the delay that has been unnecessarily occasioned, to grant this writ. *People, ex rel. Board of Water Com'rs,* v. *East Saginaw Common Council,* 33 Mich. 164.

"Mandamus is a discretionary writ, and will be allowed only in furtherance of justice and upon a proper case presented." *Hale* v. *Risley*, 69 Mich. 596.

"Judicial discretion is always involved in mandamus cases concerning the relief as well as other questions." *People, ex rel. Ayres,* v. *Board of State Auditors,* 42 Mich. 422.

See, also, *Lamphere* v. *Grand Lodge A. O. U. W.,* 47 Mich. 429. "The writ of mandamus is not one of right." *Durand* v. *Saginaw Circuit Judge,* 76 Mich. 624.

"The writ of mandamus is a discretionary one, and will not be issued in all cases, even where a prima facie right to relief is shown; but regard will be had to the exigency which calls for an exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing upon the particular case." *Tennant* v. *Crocker,* 85 Mich. 328.

"The writ of mandamus is a discretionary writ, and will not be granted to accomplish a confessedly illegal purpose, even though the officer against whom it is invoked is charged with an express duty under the statute." *Board of Sup'rs of Cheboygan Co.* v. *Township of Mentor,* 94 Mich. 386.

See, also, *Citizens' Life-Ins. Co.* v. *Commissioner of Insurance,* 128 Mich. 85.

"The issuance of a writ of mandamus is a matter of discretion, and not a matter of right, and the writ should not issue until it appears that justice requires it." *MacKinnon* v. *Auditor General,* 130 Mich. 552.

Where, on an application for mandamus to compel the trial court to allow defendant in an injunction suit his costs against complainant, whose bill was dismissed for default of service of a copy thereof on defendant's counsel, it appeared from the trial court's return that the denial of costs was justified, under the rule that mandamus is a discretionary writ, and will not be granted unless abstract justice requires it, that the court did not follow the usual

course as to costs is no ground for granting the writ. *O'Brien* v. *Wayne Circuit Judge*, 131 Mich. 67.

"Mandamus is a discretionary writ, and should not issue when it will work an injustice." *George N. Fletcher & Sons* v. *Alpena Circuit Judge*, 136 Mich. 511.

In what has been said we do not mean to imply that this court will attempt to oversee and direct the nisi prius court in its pleading and practice at interlocutory stages, or that there is not an adequate remedy by appeal.

An order to show cause is denied.

GRANT, OSTRANDER, MOORE, BROOKE, and MCALVAY, JJ., concurred.