FREDERICK B. WOOD, ADMINISTRATOR, ETC., ET AL. V.
VICTOR H. LANE, CIRCUIT JUDGE OF
LENAWEE COUNTY.

*Pleading—Amendment—Substitution of parties—Life insurance—*
*Death of beneficiary.*

An amendment substituting the heirs of a member of a mutual
benefit association,—who are entitled to the insurance agreed
to be paid in his certificate by reason of the death of their
mother, who was named as a beneficiary, prior to their
father's death,—as plaintiffs in a suit brought in the name of
her administrator to recover said insurance, is permissible.

*Mandamus.* Submitted January 14, 1891. Granted
February 6, 1891.

Relators applied for *mandamus* to compel respondent
to permit an amendment substituting certain of them as
plaintiffs in the place of their co-relator, Wood, in a suit
brought to recover life insurance to which they were
entitled as heirs of their father. The facts are stated in
the opinion.

*A. L. Millard* and *J. E. Bird,* for relators.

*Watts & Smith,* for respondent.

*A. B. St. John* and *C. M. Barre,* for defendant in
original suit.

MORSE, J. The deceased, Frank L. Silvers, at the
time of his death, February 18, 1889, was insured in the
Michigan Mutual Benefit Association of Hillsdale, Mich.,
in the sum of $3,000, the certificate of such insurance
agreeing and promising to pay, 60 days after his death,

if certain conditions were performed, the said sum of $3,000 to "Josie Silvers (wife), heirs, administrators, and assigns." Josie Silvers died February 17, 1889, one day prior to her husband's decease. They left no issue. Josie left a will devising and bequeathing all her property to Frank, her husband. Frank died intestate. Thomas Kyle was appointed administrator of Frank's estate, and found this certificate of insurance among Frank's effects.

Acting under the advice of counsel in the collection of such insurance, and supposing that the money must be collected in behalf of Josie's estate, and then paid over by such estate to Frank's estate, under the will of Josie, he procured the appointment of Frederick B. Wood as administrator with the will annexed of Josie's estate. Wood made proofs of the death of Frank, presented them to the insurance company, and demanded payment of the certificate, which was refused. He thereupon brought suit against such company as administrator of Josie's estate. After the suit was at issue, it was learned by a recent decision of this Court (*Mich. Mut. Ben. Ass'n v. Rolfe*, 76 Mich. 146), that the suit was misconceived; that the death of the wife, she dying before the husband, terminated her contingent interest in the insurance, and that the suit should have been commenced in the interest of Frank's heirs direct, as the estate of Josie was not concerned in said insurance. Thereupon these relators joined in a petition to the circuit judge of Lenawee county, in which county the original suit was planted, praying for an order striking out the name of Frederick B. Wood as administrator, etc., as plaintiff in said suit, and that the heirs at law of said Frank L. Silvers, deceased, be inserted as plaintiffs in said suit, and that said suit proceed in their names. This petition the circuit judge denied. We are asked to issue a writ of

*mandamus* directed to said circuit judge, commanding him to enter the order prayed for in said petition, and to vacate his order denying the same.

It is contended that *mandamus* will not lie to review the exercise of judicial discretion, and that in this case the respondent denied the proposed amendment in the proper exercise of such discretion. But this is a case where the right of action will be lost unless the amendment is permitted, and great injustice be done to the heirs of Frank Silvers, who cannot be said to be responsible for the mistake made in the name of the plaintiff in the commencement of the action, and we cannot believe that the learned circuit judge would have refused such amendment had he supposed he had power to make it. The point is made here, as it undoubtedly was before him, that the allowance of this amendment would permit the introduction of a new and distinct cause of action against the insurance company. If so, the circuit judge would have no authority to grant it. But we do not think that it introduces any new cause of action. The real plaintiffs in the action, as commenced in the first place,—the persons to be benefited by this insurance certificate,—were the heirs at law of Frank Silvers. If the policy had vested, as at first supposed, in Josie Silvers before her death, and it was a part of her estate, under her will it descended to Frank Silvers, her husband, and, he dying intestate, it then went to his heirs at law. Under our rulings it never vested in Josie Silvers, but belongs to the heirs at law of Frank, so that the real persons interested and sharing the money to be obtained from it are the same in both cases, to wit, the heirs at law of Frank Silvers. In both cases it is really a claim of these heirs against the insurance company, and the only difference is in the mode of its transfer to them,— a mere technicality in the legal steps necessary to be

taken to collect it. Clearly in this case the money due upon this insurance certificate is payable to the heirs of Frank L. Silvers, and it would be a denial of justice not to permit this amendment. *Mich. Mut. Ben. Ass'n v. Rolfe,* 76 Mich. 152–154. If the real parties remain the same, and the change is of the nominal parties only, the amendment is permissible. *Morford v. Dieffenbacker,* 54 Mich. 593; *Kimball, etc., Manfg. Co. v. Vroman,* 35 Id. 310; *Merrill' v. Kalamazoo,* Id. 211; *Kinney v. Harrett,* 46 Id. 87; How. Stat. § 7631 *et seq.* The amendment is in the furtherance of justice, and the insurance company cannot be surprised by it; neither will it be deprived of any substantial or essential rights in the premises, in my opinion.

The writ will be granted, but without costs.

The other Justices concurred.