96    437
f144  687

ELIZA WOOD v. THE METROPOLITAN LIFE INSURANCE COMPANY.

*Pleading—Amendment of declaration—New party.*

A declaration in a suit by a widow upon an insurance policy issued in her favor upon the life of her husband cannot be amended on the trial by joining his daughter, to whom an interest in the policy had been assigned prior to her father's death, as a coplaintiff.

Error to Wayne. (Reilly, J.)    Argued June 16, 1893. Decided July 25, 1893.

*Assumpsit.* Defendant brings error.   Reversed, and no new trial ordered.    The facts are stated in the opinion.

*Haug & Yerkes,* for appellant.

*James H. McDonald,* for plaintiff.

Long, J.   The policy sued upon was issued by the defendant company January 5, 1891, for $500, upon the life of Thomas B. Wood.    It contained the following condition:

" If said life dies by his or her own hand or act within three years from the date hereof, whether said life be sane or insane, this contract of insurance shall thereby and thereupon become void and of no effect; but, as an act of grace, the premiums received will be repaid to the person or persons designated in condition fifth herein, but no greater amount will be paid."

Thomas B. Wood died September 8, 1891.    On the next day after his death plaintiff furnished the defendant company with proofs of death, stating in said proofs that the insured died by suicide.    Payment was refused; and defendant, in its plea of the general issue, gave notice that it would offer as a defense that the insured committed

suicide, making the policy null and void. The case was tried before a jury, and a verdict rendered in favor of the plaintiff for half the amount of the policy, with interest.

On the trial the plaintiff put in evidence the proofs of death which she had furnished to the defendant company, and also claims to have introduced testimony tending to show that the death was accidental. After her testimony had been given, the defendant called the plaintiff's attention to an assignment to her daughter of a portion of the policy sued upon. Plaintiff admitted the making of the assignment, which was in writing, and the court thereupon, on motion of her counsel, permitted an amendment to the declaration, making the daughter one of the parties plaintiff in the suit.

The court submitted to the jury for their determination the question whether the death was accidental, or whether the deceased came to his death by his own hand, stating to them:

"It rests upon the plaintiff to satisfy you by a preponderance of proof that the death of the deceased was accidental, because it is undisputed that the taking of the arsenic was what caused his death; and if he took it with the intention of destroying his own life there can be no recovery, but if he took it by mistake the plaintiff is entitled to recover."

Defendant's counsel raise three questions:

1. That the court was in error in permitting the amendment to the declaration, adding a new party as plaintiff.

2. That, the plaintiff having shown by her proofs of death that the deceased came to his death by his own hand, she is now estopped from setting up the claim that the death was accidental.

3. That there is no testimony in the case showing or tending to show that the deceased came to his death by accidental means.

In the present controversy we need pass upon but one question, and that is whether the amendment to the decla-

ration was properly allowed. It is contended by plaintiff's counsel that it was properly allowed, for the reason that the defendant took no notice of this assignment to plaintiff's daughter of a portion of the policy when it accepted the proofs of death; that no one was claiming anything from the company but the plaintiff; that there was nothing on the policy to show that it had been assigned, and that the company did not notify plaintiff's attorney that such an assignment existed, but sought to use it as a technical defense on the trial; that, in the light of these things, it would be a great injustice not to allow the amendment. Counsel cites, in support of this contention, *Mercantile Ins. Co. v. Holthaus,* 43 Mich. 423. All that was held in that case, however, was that separate interests held by several persons in the same policy of insurance may be united by the assignment of the policy to one individual, who may bring suit upon it.

Section 7631, How. Stat., provides:

"The court in which any action shall be pending shall have power to amend any process, pleading, or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment rendered therein."

This statute has been given a very liberal construction by this Court, but in no case has it ever been contended that an amendment to bring in new parties in an action at law could be allowed. In *Wood v. Circuit Judge,* 84 Mich. 521,[1] an amendment to a declaration was allowed substituting heirs of a member of a mutual benefit association as plaintiffs in a suit brought in the name of the administrator to recover upon an insurance policy. This was allowed upon the ground that it was not a substitution of new parties to the action, but the substitution of persons beneficially interested, as in both cases, whether in

[1] See 94 Mich. 39.

the name of the administrator or of the heirs, it was really a claim of the heirs. The real parties remaining the same, the change was of nominal parties only, and the amendment was permissible, under the authority of *Morford v. Dieffenbacker*, 54 Mich. 593; *Kimball & Austin Manfg. Co. v. Vroman*, 35 Id. 310; *Merrill v. Kalamazoo*, Id. 211; *Kinney v. Harrett*, 46 Id. 87.

In the present case, however, the action was brought in the name of Eliza Wood as sole plaintiff, while the title to a portion of the policy was in fact in her daughter, under a written assignment, which had been filed with the company prior to the death of Mr. Wood. The plaintiff admitted her signature to this assignment. The court was in error in permitting this amendment to be made. When it appeared upon the trial that the plaintiff was not the sole owner of the claim, the court should have directed a verdict in favor of the defendant. Plaintiff could not maintain the action in her own name when it appeared that she was not the sole owner of the claim, and, under the most liberal construction of the statute of amendments, the court had no power to amend by bringing in another party plaintiff.

In this view of the case, we decline to pass upon the other questions raised.

Judgment reversed. No new trial will be ordered.

The other Justices concurred.