## Byrne, Respondent, vs. Byrne, Appellant.

*February 11 — March 5, 1895.*

*Replevin: Property in the custody of the law: Demand.*

1. The officer arresting a person for larceny of a horse took possession of the horse pursuant to sec. 4624, R. S., but before the trial it was, by order of the court, restored to the defendant upon his giving bond to return it at the next term of court or upon demand of the officer or upon the order of the court. The order provided that the right of the true owner to replevy the horse should not be im-paired thereby. *Held,* that the horse was not in the custody of the law and might be replevied.
2. Where the defendant in replevin claims title and the right of pos-session incident thereto, no demand before suit need be shown.

APPEAL from a judgment of the circuit court for La Fay-ette county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

Replevin for a horse. It appeared that some time prior to the commencement of this action a criminal action had been commenced against the defendant, charging him with lar-ceny of the horse in question from the plaintiff, and that said criminal action was still pending at the time of the trial of the replevin action. It appeared further that the con-stable who arrested the defendant on the criminal warrant took possession of the horse, but that afterwards, and before the commencement of this action, the circuit court made an order that the horse be delivered by the constable to the defendant, on his giving a bond to the constable, in the sum of $200, for the return of the horse at the next term of court, or upon demand of the officer, or upon the order of the court, and that if defendant failed to give such bond within ten days then that the constable should deliver the horse to the plaintiff in this action, upon his giving a similar bond. The order further provided that nothing contained therein should impair the rights of the owner of the horse from ob-

taining possession thereof by due process of law instituted between the parties.

The defendant gave bond as provided by this order, and obtained possession of the horse, and thereupon this replevin action was commenced. The defendant, in his answer, claimed ownership of the horse, and also that he regained possession of the same by virtue of said order and bond.

The question of title was litigated, but it is unnecessary to state the evidence upon this contention. The court charged the jury, in substance, that there was but one question in the case, and that was who owned the horse. The jury returned a verdict for the plaintiff, and from judgment thereon the defendant appealed.

The cause was submitted for the appellant on the brief of *J. M. Becker*, and for the respondent on that of *Burr Sprague*.

To the point that no demand was necessary, counsel for the respondent cited *Ullman v. Duncan*, 78 Wis. 213; *Eldred v. Oconto Co.* 33 id. 133; *Ault v. W. & W. Mfg. Co.* 54 id. 300; *Greenawalt v. Wilson*, 52 Kan. 109; *Seattle Nat. Bank v. Meerwaldt*, 8 Wash. 630.

WINSLOW, J. The defendant claims, *first*, that the horse was in the custody of the law; and, *second*, that a demand was necessary before suit.

Our statute provides (R. S. sec. 4624), in substance, that an officer who arrests any person for larceny shall secure the property alleged to have been stolen, if possible, and upon conviction of the offender it shall be restored to the owner. In this case the constable took possession of the horse when he arrested the defendant for its larceny. If he had retained possession of it, there would probably be no doubt that it was in the custody of the law and not subject to replevin. The court, however, did not consider its retention by the officer as necessary to the criminal prosecution,

and expressly ordered that it be delivered to the defendant upon execution of a certain bond which the defendant duly executed. The court also expressly declared that the right of the true owner to maintain replevin for the property should not be impaired by the order. Under these circumstances, the defendant's possession of the horse cannot be called the possession of the law. The court and the law had voluntarily relinquished possession and taken in its place a bond with penalty. The defendant might discharge the bond either by returning the horse or by paying the money damages incurred under its terms for nondelivery. Doubtless, also, the judgment in this replevin action would be a good defense to any action upon the bond, the right to maintain such action having been preserved by the order under which the bond was given.

There was no necessity for a demand before suit, because the defendant, by his answer and in his evidence, claimed title to the horse. "Where both parties claim title and the right of possesion incident thereto, no demand is necessary." *Eldred v. Oconto Co.* 33 Wis. 133.

*By the Court.*— Judgment affirmed.