(109 N. W. 318.)

---

A. Y. MORE AND JOHN L. MORE, CO-PARTNERS AS MORE BROTHERS, v. R. B. BURGER AND L. W. MOVIUS.

Opinion filed February 14, 1906. Rehearing denied March 15, 1906.

**Appeal — Review — Jury Case — Jury Waived — Remand.**

1. Where an action is properly triable to a jury, but a jury is expressly waived, and it is tried under section 5630, Rev. Codes 1899,

and all the evidence that is offered is received, although some of it is objected to, this court will not remand the cause for another trial under said section, which authorizes this court to grant another trial where necessary to the accomplishment of justice.

### Same — Reception of Evidence — Review.

2. The reception of such evidence under such circumstances, although it may be error, does not authorize a new trial under said section, but is an error of law occurring at the trial, which must be objected to, excepted to, specified as error in the statement of the case, and assigned as error before the same will be reviewed in this court.

### Amendment of Complaint — Statement of Different Facts.

3. An amendment of a complaint after notice and about sixty days before the trial, which does not substantially state different facts, is permissible, although the prayer of the original complaint is one applicable to claim and delivery proceedings and that of the amended complaint pertains solely to a demand for damages for the conversion of the property.

### Trover and Conversion — Demand Obviously Unavailing.

4. A demand followed by a refusal to deliver property is only evidence of a conversion and needs not be made before the commencement of the action in case a demand would be obviously unavailing, as when, by pleading and proof, the property is shown to be detained under a claim of absolute right.

Appeal from District Court, Ward county; *Palda, Jr., J.*

Action by A. Y. More and John L. More against R. B. Burger and L. W. Movius. Judgment for plaintiffs, and defendants appeal.

Affirmed.

*George H. Gjertson* and *Newton & Dullam,* for appellants.

A new cause of action must not be set up by amendment. Mares v. Wormington, 8 N. D. 329, 79 N. W. 441.

Judgment cannot be had for property not in defendant's possession. Heidman-Benoist Saddlery Co. v. Schott, 80 N. W. 47; Gardner v. Brown, 37 Pac. 240.

Market value must be proved. Towne v. St. Anthony & D. Elevator Co., 8 N. D. 200, 77 N. W. 608.

Demand must be first made before action for conversion will lie. Sanford v. Duluth & Dak. El. Co., 2 N. D. 6, 48 N. W. 434;

Towne v. St. Anthony & Dak. El. Co., supra; Dowd v. Wadsworth, 18 Am. Dec. 567.

*Jerome Parks,* for respondent.

So long as the identity of action is preserved, the form is immaterial. 1 Enc. Pl. & Pr. 575; Chapman v. Barney, 129 U. S. 677, 9 L. Ed. 426; Keighan v. Hopkins, 19 Neb. 33; Lyon v. Tolmage, 1 Johns. Ch. 184, 188.

MORGAN. C. J. The original complaint stated facts that would constitute a cause of action in claim and delivery, and the relief asked for was the delivery to the plaintiffs of the property described in the complaint, or for its value, with damages for its detention in case a delivery of the possession of the property could not be had. Nearly sixty days before the trial came on, and after the defendants had answered the complaint, plaintiffs gave notice of an application for leave to amend the complaint, and the amendment was allowed after a hearing on the motion. The facts alleged in the amended complaint are substantially the same as those of the original complaint. In each the plaintiffs claimed a lien upon the property by virtue of a chattel mortgage on the growing crop, which the defendants are alleged to have taken into their possession and converted after the same had been harvested and threshed. The prayer of the amended complaint, however, does not ask for the delivery of the possession of the grain to the plaintiffs, but simply asks for damages equal to the value of the property. There was a trial of the issues to the court without a jury, a jury having been expressly waived by a written stipulation filed with the clerk. On the trial there were numerous objections to the admission of testimony, but no rulings on such objections except in one instance, and that objection was overruled and the testimony received. No evidence was excluded at the trial. The parties evidently understood that they were trying the case under section 5630, Rev. Codes 1899, although it was tried after chapter 201, page 277, Laws of 1903, amending said section 5630 went into effect. This amendment excepts from the operation of said section all actions properly triable with a jury. The trial court made findings of fact and conclusions of law in plaintiffs' favor and judgment was entered thereon. The defendants appeal from the judgment and ask for a review of the entire case under section 5630, Revised Codes 1899.

A statement of the case was settled in which are found specifications of errors which relate mostly to alleged error by the trial court in not making findings as to specified facts in defendants' favor. The statement of the case contains no specifications of the particulars in which the evidence fails to sustain the findings generally, hence the statement is not prepared in accordance with the statute, and must be disregarded when the failure of the evidence to sustain the findings is not particularly pointed out. Section 5467, Rev. Codes 1899. Nor can the evidence be reviewed in its entirety to determine whether the findings are sustained or not, as the case was not properly tried under section 5630, Revised Codes 1899.

It is claimed that there was a mistrial and that the cause should be remanded for a new trial in order that justice may be done between the parties. The amendment of section 5630 by the 1903 law does authorize a new trial to be granted if the court deem such course necessary "to the accomplishment of justice." But the admission of incompetent or irrelevant testimony has never been construed to authorize a new trial under said section. The evidence was all received without objection or exception. Receiving such evidence was an error of law occurring at the trial, and has never been treated as authorizing this court to pronounce the trial a mistrial. Where mistrials have been found to require the remanding of the case for a new trial under section 5630, Revised Codes 1899, the cases were properly triable under that section and for some reason there had been a mistrial. In this case the appeal must be determined on errors properly specified and assigned. The errors claimed in trying the case under section 5630 and in receiving improper evidence, are nowhere specified or assigned, hence they cannot be considered as grounds for declaring that there was a mistrial, or that the court committed error in receiving such evidence.

It is claimed that the amendment of the complaint was unauthorized. The alleged error is specified properly in the statement of the case, and the order allowing it is therefore reviewable as appearing on the face of the judgment roll, and it is assigned as error in the brief. The claim is made that the cause of action was entirely changed by the amendment and a new one substituted. The original complaint stated facts which would authorize a judgment for the return of the property to the plaintiffs based on the

fact that they held a chattel mortgage lien thereon under which they were entitled to the possession of the property, and that the defendants unlawfully took possession thereof, and converted the same to their own use. The amended complaint stated the same facts pertaining to the mortgage lien and their right to the possession of the property; and also that the defendants unlawfully took possession of the property and converted the same to their own use. In strictness the original complaint stated a cause of action to recover possession of personal property, and the amended complaint one in conversion. Substantially the same facts are stated as constituting these technically different causes of action. Under our Code system in an action to obtain possession of property unjustly detained, there is also granted the right to recover damages for the failure to return the property, if a return thereof be adjudged. Section 5447, Rev. Codes 1899. Trover or conversion is an action for damages for property unjustly detained or appropriated by a person. If the plaintiffs were entitled to the possession of the property when the action was commenced, and possession thereof could not be had, they would have been entitled to damages to the extent of its value, up to the amount of their lien, and the same would have been awarded them in their replevin action. This is all that the amended complaint demanded. Under the Code a remedy is provided for the delivery of the property involved in actions for the recovery of personal property and for damages if delivery cannot be had. When there can be no delivery of the property pursuant to the judgment or by means of the ancillary remedy of claim and delivery, the action is in effect and in its results the same as one for conversion. Whereas, the causes of action are not strictly the same, the same results may be obtained in one as in the other. The causes of action in these two complaints were not so entirely different as to bring them within the principle that an amendment will not be permitted when an entirely different cause of action is pleaded by the amendment.

The only allegation that is dropped out of the original complaint is the one that the property is unjustly and unlawfully detained by the defendants. Both complaints state that the property was converted by the defendants. The change in the complaint, therefore, relates almost exclusively to the relief asked and there is not a substantial change in the facts on which the cause of action is

based. There are cases holding such amendments as the one under consideration not permissible, but they are based upon and follow the common-law idea of a replevin action, one to obtain possession of personal property simply. We have recently decided that amendments are permissible in furtherance of justice when the causes of action, though technically different, are based on the same facts substantially. We think this case comes within the spirit of these cases. Rae v. Railway Co., 105 N. W. 721, and Kerr v. City of Grand Forks, 107 N. W. 197. Under the common law the action of trover and replevin were deemed essentially the same although differing in methods of procedure and the character of the judgment obtained. Cobbey on Replevin, section 18, and cases cited. The test generally adopted to determine whether an amendment is permissible is whether a recovery upon the cause of action set up by the amendment would be a bar to a suit on the other. But one answer could be given on that test in this case. Such amendments are permissible in California under certain conditions at the trial. Henderson v. Hart, 122 Cal. 332, 54 Pac. 1110; Cobbey on Replevin, section 585, and cases cited.

The court found expressly that the plaintiffs made no demand upon the defendants for delivery to them of the property involved before the action was commenced. It is claimed as a matter of law that demand is essentially a prerequisite to the bringing of a claim and delivery action or one for conversion. Under the pleadings in this case, this is not true. The controversy over the property was based on rights claimed under different chattel mortgages. It is not reasonable to presume that defendants would have surrenered the property if demand had been made when they have constantly urged by pleading and proof that they had a right to take the property and retain it. Demand was unnecessary under the well-established principle that it would have been unavailing. The claim by defendants that they rightfully held possession of the property is inconsistent with the theory that they would have surrendered possession had demand been made. Cobbey on Replevin, 449, and cases cited; Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Raper v. Harrison, 37 Kan. 243, 15 Pac. 219; Byrne v. Byrne, 89 Wis. 659, 62 N. W. 413.

What has been already said on the subject of the amendment to the complaint disposes of appellants' contention that the amendment stated a cause of action for conversion of the crop of 1903, whereas

the original complaint stated a cause of action in claim and delivery for the crop of 1904. We are not satisfied that the construction placed upon the complaint by the appellant can be sustained. But cenceding that it is correct, the right to the amendment is clear. The confusion arises because of an error or mistake as to one of the exhibits described in the abstract. An amendment of the abstract was allowed in this court which removed the objection. An amendment of the complaint would be permissible in the trial court so as to include the crop of a different year. Correcting a mistake as to the year for which the crop is claimed or was taken pertains only to one of the elements of the cause of action, and the complaint was subject to such amendment under the cases cited. Under some circumstances the amendment might be such a surprise as would authorize postponement or terms. In this case the amendment was allowed nearly 60 days before trial, which excludes any possibility of such surprise as could be prejudicial.

The objection that the value of the grain converted was not properly shown did not prejudice the defendant if admitted to be true. The answer shows and defendants' proofs showed that they sold the grain for the precise sum awarded to plaintiffs as damages for the conversion. It is thus shown and admitted that the defendants received a certain sum on the sale of the grain. They have, therefore, dealt with the grain as of a certain value and received a sum of money for it and cannot complain because the judgment is for that sum, although the market value was not technically proved. Keystone Implement Co. v. Welsheimer (Kan. App.) 55 Pac. 348.

No error, therefore, appears on the face of the judgment roll. The findings, so far as reviewable, sustain the judgment.

It therefore follows that the judgment must be affirmed. All concur.