(112 N. W. 677.)

---

EULA L. MCLAIN v. H. NURNBERG.

Opinion filed May 3rd, 1907.

**Abatement — Former Action Pending.**

1. Plaintiff recovered judgment in justice court for possession of certain premises and for rent up to a specified period. Defendant appealed from the judgment to the district court, and gave an approved supersedeas bond for stay of execution, and said appeal was pending and undetermined when plaintiff commenced another action for possession of the same premises against the same defendant and for rent from the time of the recovery thereof in the former action. Defendant pleaded the pending of the former action in his answer. *Held,* that the former action was a bar to the second one.

**Same — Identity of Cause of Action.**

2. When the second action is based on substantially the same state of facts as the first, the second action will be dismissed as vexatious.

**Appeal — Irregularities — Motions — Waiver.**

3. Irregularities in the certificate of the trial judge to the judgment roll are of no avail to the respondent in this court, when not raised by a motion before the appeal is submitted on the merits.

**Same — Objections Not Raised Below.**

4. Indefiniteness in a stipulation under which evidence is received on the trial in the district court cannot be taken advantage of on appeal, unless based on some objection or motion made in the trial court.

Appeal from District Court, Stutsman County; *Fisk*, J.

Action by Eula L. McLain against H. Nurnberg. Judgment for plaintiff, and defendant appeals.

Reversed and remanded.

*S. E. Ellsworth,* for appellant.

In forcible entry and detainer recovery of rent and damages cannot be had without recovery of possession. Murry v. Burris, 6 Dak. 170, 42 N. W. 25; Caulfield v. Stevens, 28 Cal. 118; McCleary v. Crowley, 56 Pac. 227; Dale v. Doddridge, 1 N. W. 999.

Pending of an appeal in a former suit is a good plea in abatement of a subsequent suit between same parties for same subject matter. 1 Enc. Pl. & Pr. 757; Fisk v. Atkinson, 12 Pac. 490; Dale v. Doddridge, supra.

*J. A. Murphy* and *S. L. Glaspell,* for respondent.

Two suits for rent for different periods do not present the same issues. 1 Enc. Pl. & Pr. 771; Willson v. St. Paul, M. & M. R. Co., 44 Minn. 445; Vance v. Olinger, 27 Cal. 358.

MORGAN, C. J. This action is between the same parties and concerns the same property as the case of McLain v. Nurnberg (just decided), 112 N. W. 243. Like that action, this is brought for the possession of certain real property and for rent under the forcible detainer statute of this state. In the former action the possession of the lot was demanded, together with judgment for the

rent due up to April 14, 1903. A trial was had in justice court, and the plaintiff recovered judgment for the possession of the lot and for all rent due up to the date named. The defendant appealed to the district court from the judgment, and gave a supersedeas bond conditioned for the payment of "all rents for the use and occupation of said property and all damages from the time of said appeal until the delivery of possession thereof by him to said plaintiff." Pending that appeal, and before the trial thereof in the district court, this action was commenced. It was brought for the possession of the same property, and for the sum of $25 rent, and for the sum of $25 damages for the detention of the property. The rent and damages claimed in the last action were claimed as due from the time that damages and rent were allowed in the first action. It therefore appears that the two actions involved the same issues, except as to the time during which rent and damages were claimed. The defendant interposed by answer the defense that another action was pending and undetermined involving the same issues. Upon a trial in justice court there was a judgment in favor of the defendant; a jury having been regularly waived. The plaintiff appealed to the district court, and upon a trial to the court without a jury the judgment of the justice of the peace was reversed, and a judgment in favor of the plaintiff for rent and damages was rendered. From this judgment the defendant has appealed to this court.

Many of the errors assigned on this appeal were disposed of on the appeal in the former action, involving similar, if not identical, issues, and need not be referred to on this appeal.

The principal contention on this appeal pertains to an alleged error that did not arise on the former appeal. The answer, so far as it alleged a former action pending, was as follows: "That as a further defense to the action of the plaintiff the defendant shows to the court: That on the 11th day of April, 1903, an action at law was commenced before Peter Pearson, a justice of the peace in and for Stutsman county, North Dakota, by the plaintiff in this action, to recover possession of the rooms occupied by this defendant in the building situated on lot 4, block 18, city of Jamestown, North Dakota, being the same and identical rooms and premises as described in the complaint in this case, and for recovery of possession of which this action is brought; that upon the trial of said cause a finding was made and a final judgment rendered by said justice of the peace, Peter Pearson; that from the finding made and judgment rendered,

as above set forth, an appeal was taken to the district court of Stutsman county, North Dakota; that a bond was given by the defendant to indemnify plaintiff against any and all loss and for all rents and damage by reason of any unlawful detention of said premises by defendant; that said bond has been approved and accepted by the proper authority prior to the commencement of this action, and now in full force and effect; that the parties plaintiff and the parties defendant in the aforementioned suit are the same parties plaintiff and parties defendant in this case, and all of the issues involved in this case are the same and identical issues as are awaiting adjudication in that case now pending in the district court of Stutsman county, North Dakota, as by the record thereof remaining in said court appears."

It is contended that the answer does not state facts sufficient as a plea of a former action pending, for the alleged reason that its allegations are mostly matters of conclusion. No demurrer was interposed thereto, nor was any objection made to the introduction of evidence in support of it. The objection to it is first raised in this court by way of argument. If the answer be deficient technically under strict rules of pleading, we think that the objections should not now be noticed. The trial proceeded to judgment without objection to the answer; hence we deem that the defective allegations thereof were waived and cannot now be taken advantage of. The objections to it are technical, and could easily have been amended if attention had been called to them on the trial. The question is therefore squarely presented by the amended abstract whether the former action was a bar to this one. As before stated, the only distinguishing fact between them is that rent for a different and later period was sued for in this action. Otherwise the issues are in all respects identical. It is elementary that, unless the issues are identical in the two actions, an answer pleading the pendency of the former action must fail. If, however, the issues are the same, the answer setting forth the pendency of the former action will be sustained, as litigants are not to be harassed by a multiplicity of suits, or even two suits involving the same issues.

The principal issue in the first case was the right to the possession of the premises. The jury found on the trial that the defendant was not entitled to the possession. There was an appeal from the judgment on that verdict. A stay of execution was procured by the giving of an undertaking, conditioned in the precise language of

section 6774, Rev. Codes 1899, that the defendant would surrender possession if the judgment was affirmed, and would pay all damages and all rent due up to the time of the surrender of possession. By virtue of the provisions of said section the giving of the stay bond entitled the defendant to remain in the undisturbed possession of the premises until the termination of the litigation and secured to the plaintiff indemnity for damages and rents. If another action for possession and accruing rents is lawfully maintainable after the giving of such a bond, the statute permitting a stay of execution in such cases is of no practical use. Everything that the plaintiff could hope to accomplish by the second suit will be obtained by her by virtue of the provisions of the bond. Hence, so far as practical results are concerned, the bringing of another action added nothing to the plaintiff's rights. They were all provided for by the bond given pursuant to law.

It is claimed that the plaintiff could not recover for rent for any period after the commencement of the action. We do not think the contention tenable. It is certain that section 6774, supra, under which the bond was given, secures the recovery for all rents up to the disposition of the appeal. Besides that section, a recovery for rents to the day of verdict or judgment is recoverable under section 4973, Rev. Codes 1899, which reads as follows: "Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof or certain to result in the future." Under this section, the rent asked for in the second suit could have been recovered in the first. In Hicks v. Herring, 17 Cal. 566, the court said: "It was different with the rents and profits. The monthly value of these was known at the institution of proceedings. For them a claim was made, and the loss of them was a necessary consequence of the deprivation of the possession, and of necessity continued until restitution. The plaintiff could therefore properly recover for them up to the time of the verdict, for the rule is that the proof of damages may extend to all matters up to that period which are the natural result of the previous injury." 2 Greenleaf Ev. section 268. The injury in this case is the unlawful holding of possession after the termination of the lease. It is also held in California that the recovery of damages for continued trespass or waste may be recovered up to the rendition of verdict without amendment of the complaint or supplemental pleading. Hicks v. Drew, 117 Cal. 305, 49 Pac. 189; McLennan v. Ohmer, 75 Cal. 558, 17 Pac. 687;

Morgan v. Reynolds, 1 Mont. 163. The plaintiff was therefore entitled to recover all the relief in the first action that she could secure in the second, and the bond secured to her the payment of all damages and rent. If the causes of action set forth in the complaints in the two actions state substantially the same facts, the plea of a former action pending should be sustained. In 1 Enc. Pl. & Pr., p. 763, the rule is stated: "But it may be laid down as a general proposition that where the substantial fact or facts upon which the plaintiff's right to relief is based are identical in the two actions, and the relief obtainable in the first includes all the relief sought in the second action, the first will abate the second, although the actions differ in matters of form and in the relations of the defendant to the infringement of the plaintiff's rights." It is clear to us that the pendency of the former action was proven, and that the former action was substantially identical with the latter. The defendant was entitled to recover for that reason.

Some minor points of practice are raised by the respondent, which will be very briefly considered. Objection is now made in argument, and not by motion, that the certificate of the district judge, pursuant to rule 9, Sup. Ct. Rules (74 N. W. vi.), does not enumerate all the papers making up the judgment roll. If the point has any merit, it cannot be raised except by motion duly made prior to submission of the argument on the merits of the appeal.

This action was tried in the district court pursuant to a stipulation in open court that the record of the prior trial should be considered as the record on the trial of this case so far as applicable. The objection is now made by argument only that the stipulation is so indefinite that it cannot be determined what papers are to be considered on this appeal. A statement of the case was settled by the trial judge, and any irregularities or loose practice of a prejudicial nature should have been corrected and made definite by proper action at the settlement of the statement or by motion in this court. Any such irregularities cannot be taken advantage of now, as they have been waived.

The complaint was amended in the district court, and also in the justice court. No answers were made to these amended complaints. It was not necessary, as the answers on file were applicable to the facts stated in the amended complaints, and were so considered on the trials.

For the error in not giving effect to the answer setting forth the pendency of a former action, the judgment is reversed, and the cause remanded for further proceedings. All concur.

Fisk, J., disqualified. Templeton, district judge of the First district, sitting by request.