HARDY, Respondent, v. WOODS et al., Appellants.

(146 N. W. 568.)

1. **Pleading—Amendment—New Cause of Action—Administrator, Substitution of Party in His Own Right—Non-prejudice of Parties—Furtherance of Justice.**

An amendment of a complaint, in an action to quiet title, brought by an administrator and alleging the property belonged to the estate, by striking out allegations as to representative capacity and alleging that plaintiff claimed individually as sole devisee, was not objectionable as substituting new party plaintiff, nor as setting up a new cause of action and changing the issues; the right to amend as to names of parties exists where the amendment does not operate to prejudice of parties, and does operate in furtherance of justice.

2. **Parties—Change of, by Amendment—Amendment by Parties—Statute.**

Code Civ. Proc., Sec. 150, providing that "the court may" in furtherance of justice "amend any pleading * * * by adding or striking out the name of any party," authorizes the court to permit amendments by parties or by their counsel, and does not merely authorize the judge himself to recast, or amend, pleadings, to make them conform to proofs.

3. **Quieting Title—Chain of Title—Identity of Party as Grantee—Sufficiency of Evidence.**

In an action to quiet title, plaintiff claiming as devisee from one who acquired title under foreclosure in name of "J. A. Hardy," **held**, the evidence was sufficient to sustain a finding that such Hardy was the same person as "Jesse A. Hardy," through whom plaintiff claimed title; sheriff's deed using the initials, while the bond secured by the mortgage was assigned to him by the full name.

             (Opinion filed March 21, 1914.)

Appeal from Circuit Court, Edmunds County. Hon. Joseph H. Bottum, Judge.

Action by Charles. W. Hardy against George A. Woods and others, to quiet title to realty. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Williamson & Williamson,* for Appellants.

Plaintiff would not be permitted to amend the complaint in this particular, even before trial, much less after trial of the case, submission of the same for decision and permitting evidence to be introduced under the amended complaint without offering defendant an opportunity to controvert it. Woodworth v. Nor. Pac. Ry. Co. (N. D.), 111 N. W. 627; Scott v. N. W. & Port Huron Ry. Co. (N. D.), 115 N. W. 192; Secs. 149, 150, Code Civil Proceedure; Sec. 148, Code of C. P.

The right of an executor or administrator to maintain an action of this character is separate and distinct from the right of the heirs. Berry v. Howard (S. D.), 127 N. W. 526; Davis v. Mayor, 14 N. Y. 526; Woods v. Metropolitan Life Ins. Co. (Mich.) 56 N. W. 8; Dubbers v. Goux, 51 Cal. 154; More v. Burger (N. D.), 107 N. W. 200.

Section 150 is for the purpose of permitting the court, after or before trial of the case, to amend a pleading to conform to the facts as they exist or existed at the trial, and for the purpose of correcting a mistake.

The evidence is insufficient to establish the fact that Jesse A. Hardy, the deceased, was the same person as the J. A. Hardy to whom title was deraigned from the government. Bennett v. Libhart, 5 Mich. 489; Andrews v. Wynn, 4 S. D. 40.

There is no evidence to bind the defendant showing or tending to show that Jesse A. Hardy is dead. Mutual Benefit Life Ins. Co. v. Tisdale, 91 U. S. 238; 23 L. Ed. 314; English v. Murray, 13 Tex. 366; Turner v. Seelock (Tex.), 54 S. W. 358; Monroe v. Merchant, 28 (Barb.) 383.

It was within the power and discretion of the court to allow such amendment and to receive the evidence. The defendant did not ask the court to be allowed to serve an amend-

ed answer, or offer any further evidence in the case, after the amendment and hearing of April 19th, 1912.

The amendment did not change the cause of action. The action could have been maintained by plaintiff originally as devisee under the will, and a judgment in the action in his favor as administrator would have clearly inured to his individual benefit. In either case the evidence would have been practically the same. Sec. 150, Code Civil Pro.

Where a party sues in his own right he may, if the facts warrant it, amend his complaint so as to make the suit stand in a representative capacity; and conversely, if he sues as a representative, he may be allowed to amend his complaint by declaring in his individual capacity. 1 Ency. of Plead. & Prac. 538; 18 Cyc. 981 and notes and cases; 31 Cyc. 490-491; Myers v. Chi. B. & Q. R. Co. (Ia.), 131 N. W. 770; Bigelow v. Draper, 6 N. D. 152; 69 N. W. 570, and cases; Sargent v. Union Fuel Co. (Utah), 108 P. 928; Wood v. Lenawee Circuit Judge, 84 Mich. 521; 47 N. W. 103; McCue v. Masset (Miss.), 43 So. 2; 1 Ency. of Plead. & Pract. 538, note 2d col.

The evidence is sufficient to prove that J. A. Hardy and Jesse A. Hardy were identical, and to establish the fact that Jesse A. Hardy or J. A. Hardy had died before any of the proceedings shown by defendant's evidence were taken.

The evidence of the proof of the will and the issuance of letters testamentary in Hillsborough county, New Hampshire, show that he had died prior to the 10th of June, 1898, the date of the letters testamentary, and the proceedings in this state also established his death long since. 4 Ency. of Evidence 50, and note 32; Tisdale v. Com. Mut. L. Ins. Co., 26 Ia. 170; 96 Am. Dec. 136; Pick v. Strong, 26 Minn. 303; 3 N. W. R. 697; Note to Sprigg v. Moale, 92 Am. Dec. 707; Note to Wilson v. Brownlee, 91 Am. Dec. 529.

POLLEY, J. This action was commenced by Charles W. Hardy, as administrator, with the will annexed, of the estate of Jesse A. Hardy, deceased. The said Jesse A. Hardy died testate in the county of Hillsboro, state of New Hampshire, in the year 1898. At the time of his death, he was seised in fee of the quarter section of land that is the subject of this action. Plaintiff was appointed executor of the last will and testament of said

Jesse A. Hardy, in said Hillsboro county, N. H., and was also appointed administrator, with the will annexed, of the said estate in Clark county, S. D. Defendant claimed title to the premises in controversy through a certain tax deed, tax judgment sale certificate, and judgments of the circuit court purporting to quiet the title in defendant's grantors prior to the commencement of this action. These evidences of title were all disposed of by this court on former appeal of this cause, and will receive no further notice. Hardy v. Woods et al., 28 S. D. 151, 132 N. W. 692.

On the trial, the defendant, for the purpose of defeating plaintiff's right to maintain this action, introduced in evidence certain records from the county court of Clark county, showing that the administration of the estate of the said Jesse A. Hardy had been wound up and that the said Charles W. Hardy had been finally discharged as administrator of said estate, in January, 1904. Upon the admission of this evidence, plaintiff's counsel announced that he was taken completely by surprise, that he had believed the matter of the estate of said Hardy was still pending in the county court of Clark county, and that plaintiff was still administrator and authorized to maintain this action. Counsel then asked to be given time to investigate the matter and requested the court to hold the case open to allow him time to make such investigation. This request was granted by the court, and, upon investigation, counsel found that the said administration had been finally wound up, decree of final distribution entered, and plaintiff discharged as such administrator. He further found that the plaintiff was the sole surviving legatee and devisee of the said Jesse A. Hardy, and was therefore seised in fee of the title to the land in controversy in his own right. Counsel thereupon applied to the court and was given leave to amend plaintiff's complaint so as to conform to the facts as they actually existed, and also to strike from the title of said cause the words "as administrator with the will annexed of the estate of Jesse A. Hardy, deceased." This was allowed, and, the amendment being made, plaintiff introduced in evidence the "decree of heirship" entered by the county clerk of Clark county in the said matter, which, among other things, "declared that Charles W. Hardy is sole heir, devisee and legatee of the said

decedent and his last will and testament." The court thereupon found that plaintiff was the owner in fee and entitled to the possession of the disputed premises, and entered a decree accordingly. Motion · for a new trial being denied, defendant appeals to this court.

It is first contended by appellant that the court erred, to his prejudice, in permitting this amendment and in receiving further evidence in support of the amended complaint; that he was given no opportunity to answer the same or to introduce further evidence or to be heard on the issues raised by the amended complaint. In short, that the court granted plaintiff a new trial and entered judgment for plaintiff as though by default, without giving defendant an opportunity to offer proof to controvert the allegations of the amended complaint. This contention finds no support whatever in the record. Plaintiff was originally given ten days in which to ascertain the real condition of the Hardy estate in Clark county. This time was extended by the court, but defendant was given notice of the time and place where the matter of filing the amended complaint and making further proof would be heard by the court, and he was present, by his counsel, and made his objections thereto, but did not ask leave to file an answer to the amended complaint nor offer further evidence; nor does he now suggest that he wishes to answer the said amended complaint or has further evidence to offer, nor show in what manner he was prejudiced by the rulings of the court.

[1] But it is claimed that the change made in the complaint, under the guise of an amendment, amounted to a substitution of parties plaintiff and set up a new and different cause of action and changed the issues involved. This presents a question of more difficulty. Plaintiff brought the suit in his capacity as administrator, alleging the premises in dispute to belong to the estate of Jesse A. Hardy. By the amendment, he became the plaintiff in his individual capacity and claimed that he, individually, was the owner in fee of said premises. This, appellant strenuously contends, the court was without authority to permit, and, in support of this contention, cites the following authorities: Davis v. Mayor, 14 N. Y. 506, 67 Am. Dec. 186; Wood v. Metropolitan Life Ins. Co., 96 Mich. 437, 56 N. W.

8; Dubbers v. Goux, 51 Cal. 154; Wilson v. Kiesel, 9 Utah, 397, 35 Pac. 491; More v. Burger, 15 N. D. 345, 107 N. W. 200. Some of these cases appear to support appellants' contention, yet none of them are parallel cases, and the overwhelming weight of authority, and, as we believe, the better reasoning, supports the opposite view. The act most loudly complained of by appellant was the permitting of plaintiff to change the character in which he was endeavoring to maintain the action; yet the rule seems to be well established that this may properly be done where it is warranted by the facts. "Where a party sues in his own right, he may, if the facts warrant it, amend his complaint so as to make the suit stand in his representative capacity; or conversely, if he sues in his representative capacity, he may be allowed to amend by declaring in his individual capacity." 1 Enc. Pl. Pr. 537, 538; 18 Cyc. 981; and 31 Cyc. 490, and cases cited. What was said in an early Iowa case is especially applicable to the facts in this case: "A party asking an amendment at so late a stage as in the present case would naturally expect to pay the whole expense caused by the issue; and what is the substantial difference between this and his taking a nonsuit and commencing again, except that by taking an amendment, rather than a nonsuit, time is spared, and an action or a cause of action is sometimes saved, which would otherwise be lost, as by a limitation, or by other cause; and this is the precise effect which we understand our present system of statute law, in relation to pleading, to aim at. It is to save the rights of persons, and not to have them sacrificed to the mere rules of pleading, if they can be placed in a correct attitude; the party himself bearing the expense of setting his case right. It is not intended to intimate that there may not be cases where the amendment could not be made on any terms, but these remarks apply to those cases which come within the reach of amendments. We think that an amendment showing the character in which the plaintiff sues, but not changing the plaintiff, is admissible." Hunt v. Collins, 4 Iowa, 56.

The change made by the amendment is merely a change in the character in which plaintiff is trying to recover. He is the real party in interest and is the sole beneficiary, whether the title to the disputed premises is declared to be in plaintiff in-

dividually or in the estate of the said Jesse A. Hardy. To have denied the amendment would have compelled plaintiff to commence another action, and thus require the prosecution of the two actions to accompplish what can as well be accomplished in one. With the statute of limitations running all the time, it might happen that the second action would be barred by the time the first one was determined, and thus deprive the plaintiff of a right to which he was clearly entitled at the commencement of the action. The following are some of the numerous authorities supporting the conclusions of the court: Bigelow et al. v. Draper et al., 6 N. D. 152, 69 N. W. 570; Knight v. Boring, 38 Colo. 153, 87 Pac. 1078; Hume v. Kelly, 28 Or. 398, 43 Pac. 380; Buffington v. Blackwell, 52 Ga. 129; American Bonding Co. v. Dickey, 74 Kan. 791, 88 Pac. 66; Kennedy v. Gelders, 7 Ga. App. 241, 66 S. E. 620; Goldstein v. Fox, 22 N. D. 636, 135 N. W. 180—where the cases on this subject are collected and reviewed at length by the court, and Wood v. Lenawee Circuit Judge, 84 Mich. 521, 47 N. W. 1103. In this latter case, the suit was commenced by the administrator, with the will annexed, of the estate of a certain woman, deceased, to recover on a certain certificate of insurance. After issue was joined, the heirs of the decedent's husband petitioned the court for an order, striking out the name of the said administrator and substituting their own in place thereof. The petition was denied by the circuit court, and the petitioners applied to the Supreme Court for a writ of mandamus to compel the circuit court to make the substitution. The writ was granted; the court saying: "This is a case where the right of action will be lost unless the amendment is permitted, and great injustice be done to the heirs." The proceeds of the certificate sued upon belonged to the heirs at law of the deceased husband. In both cases the said heirs were the real parties in interest. The only difference was in the mode of its transfer to them—"a mere technicality in the legal steps necessary to be taken to collect it."

The correct rule is that: "The right to amend as to names of parties exists where the amendment does not operate to the prejudice of the parties, and does operate in furtherance of justice." Goldstein v. Fox, supra.

[2] The amendment in this case was permitted by the court "in furtherance of justice," under the provisions of section 150, Code Civ. Proc. But it is claimed by appellant that this section does not authorize the court to permit amendments by the parties to an action—drawing a distinction between the language used in section 149 and that in section 150, and claiming that only the trial judge himself is authorized by section 150 to make amendments. In this he is clearly wrong, as it is not the intent of the law as expressed by the language used in this section (section 150) that the trial judge must himself recast the pleadings so as to make them conform to the facts or proof offered, but that he may permit the parties, or their counsel, in a proper case to do so.

[3] Plaintiff's testator acquired his title to the disputed premises through the foreclosure of a certain mortgage thereon, which was assigned to him and bid in by him at foreclosure sale, under the name of J. A. Hardy; and it is contended by appellant that there is no evidence to identify the said J. A. Hardy as the Jesse A. Hardy through whom respondent claims to have derived his title, and that there is no evidence to show that the said Jesse A. Hardy is dead. An examination of the evidence on these two points shows that the testator was Jesse A. Hardy, of Hollis, county of Hilsboro in the state of New Hampshire, and that Jesse A. Hardy, of Hollis, N. H., died prior to January 10, 1898. The assignment of the mortgage in question was to J. A. Hardy; but this mortgage was executed to secure the payment of a certain "mortgage coupon bond," together with ten interest coupons thereto attached. When the mortgage was assigned, said bond was endorsed by the payee therein named, as follows: "For value received, the Dakota Loan & Security Company, of Clark, Dakota, has assigned the attached bond, No. 1252, to Jesse A. Hardy, of Hollis, state of New Hampshire." And each of the said interest coupons was indorsed: "Pay to the order of Jesse A. Hardy." The sheriff's deed, through which plaintiff claims that his testator acquired his title, describes the grantee therein as J A. Hardy, of Hillsboro county, N. H. While this is not direct evidence of identification, it is sufficient to show, prima facie at least, that Jesse A. Hardy, of Hollis, county of Hillsboro, state of Newhampshire, and J. A.

Hardy, of Hillsboro, N. H., was one and the same party; and, this being true, there can be no question of his having died long prior to the commencement of this action.

We have examined the other questions presented by appellant, but are unable to find that he has been, in any wise, prejudiced by any of the matters complained of, and it is not necessary to take them up in detail. Upon the whole record, we are satisfied that the trial court was correct in his conclusions, and the judgment and order appealed from are affirmed.