# FIRST STATE BANK OF KIEF, a Corporation, Respondent, v. OSBORNE-McMILLAN ELEVATOR COMPANY, a Corporation, Appellant.

(207 N. W. 37.)

**Trover and conversion — evidence held to establish ownership of grain converted.**

1. In an action for the conversion of grain, it is held that the evidence is sufficient to establish the plaintiff's ownership of the grain alleged to have been converted.

**Trover and conversion — demand unnecessary, where it would have been futile.**

2. In an action for conversion of personal property, demand is unnecessary, where the evidence shows that it would have been futile.

**Appeal and error — issue, not raised by assignment of error nor argued in brief, deemed abandoned.**

3. Where an issue is not raised by assignment of error and is not argued in the brief, the same is deemed to have been abandoned.

**Trover and conversion — plaintiff, prosecuting action with diligence, may recover highest market price.**

4. Where an action for conversion has been prosecuted with reasonable diligence, the plaintiff may recover the highest market price between the time of conversion and the verdict.

**Abatement and revival — pendency of former action not bar, in absence of allegation and proof that it has proceeded to judgment.**

5. Where the answer alleges another action pending between the same parties for the same cause, and the evidence sustains such allegation, but where there is neither allegation nor proof that the pending action has proceeded to judgment, the pendency of the first action is not a bar to the second.

---

Note.—(2) Necessity of demand in action for conversion, see 26 R. C. L. 1122, 1123; 4 R. C. L. Supp. 1699; 5 R. C. L. Supp. 1441.

(3) Failure to assign error as ground for dismissal of Appeal, see 2 R. C. L. 171.

(5) Another action pending as ground for abatement of second suit, see 1 R. C. L. 11; 1 R. C. L. Supp. 5; 4 R. C. L. Supp. 2; 6 R. C. L. Supp. 2.

(6) Rule as to what constitutes election of remedy, see 9 R. C. L. 961; 2 R. C. L. Supp. 908; 4 R. C. L. Supp. 631; 5 R. C. L. Supp. 532; 6 R. C. L. Supp. 584.

**Election and remedies — chattel mortgagee held not to have elected to foreclose mortgage so as to bar action for conversion.**

6. It is held, for reasons stated in the opinion, that there had been no conclusive election of an inconsistent remedy.

Opinion filed January 9, 1926.

Abatement and Revival, 1 C. J. § 130 p. 93 n. 65. Actions, 1 C. J. § 420 p. 1162 n. 73. Appeal and Error, 3 C. J. § 1462 p. 1330 n. 44; 4 C. J. § 3057 p. 1068 n. 22. Election of Remedies, 20 C. J. § 14 p. 19 n. 25. Trial, 36 Cyc. p. 2096 n. 65. Trover and Conversion, 38 Cyc. p. 2033 n. 76; p. 2085 n. 21.

Appeal from the District Court of Ward County, *Lowe,* J.

Action by the First State Bank of Kief for conversion of stored grain against defendant elevator company. From a judgment for plaintiff, defendant appeals.

Affirmed.

*F. B. Lambert,* for appellant.

Parol evidence is not admissible in substitution for an available written evidence, and the contents of an accessible writing cannot be proved by parol. 22 C. J. 980.

It is also necessary that the writing should in reality be the more accurate, satisfactory and conclusive medium of proof; where the matter to be proved is a substantive fact which exists independently of any writing, although evidenced thereby, and which can be as fully and satisfactorily established by parol as by the written evidence, then both classes of evidence are primary and independent and parol evidence may be admitted regardless of the writing. 22 C. J. 983, 984.

Where the relation of landlord and tenant exists by virtue of a written lease or other instrument and the existence and terms of the tenancy lie at the foundation of the cause or are directly in issue, the written instrument constitutes the best evidence, and parol or other secondary evidence is excluded under the best evidence rule. 22 C. J. 995.

That the defendant was an innocent bailee of the wheat, without notice; and that the acts of receiving the same and giving storage tickets to M. therefor, followed by mingling the grain with other grain, were all and singular lawful acts of the defendant done in the usual course of

business; and that no action for conversion would lie for the same, in the absence of a demand for the grain brought suit. Towne v. St. Anthony & D. El. Co. 8 N. D. 201.

*Campbell & Funke,* for respondent.

The mere bringing of an action which has been dismissed before judgment and in which no element of estoppel in pais has arisen, that is, where no advantage has been gained or no detriment has been occasioned is not an election. There is no election where the remedies are not inconsistent. 9 R. C. L. 961.

The rule as between tort and contract is that an election only occurs when the wrong raises an implied contract. 9 R. C. L. 967.

BERRY, Dist. J. This action was brought by the plaintiff bank against the defendant elevator company for an alleged conversion of 962 bushels of No. 1 and 79 bushels of No. 4 Mixed Durum Wheat, raised by one Anton Volochenko, on land in McLean county, owned by Carl W. Covlin.

The case was tried to the court and jury. At the close of the trial the jury was waived. The court made findings and ordered judgment for the plaintiff for $370.75, with 10 per cent interest thereon since October 16th, 1919, as damages, the same being the amount of plaintiff's note and mortgage.

The plaintiff's special interest in the wheat was based upon a chattel mortgage, dated October 16th, 1919, given by Anton Volochenko to the plaintiff upon his one-half interest in said crop, to secure the payment of a promissory note for $370.75 of even date with the mortgage, and due October 1st, 1920. That the grain was raised by Mr. Volochenko in 1920 upon said land, and by him hauled to the defendant elevator company's warehouse at Dogden, on or about the 9th day of September, 1920. That on the 14th day of September, 1920, one W. A. Bokovoy, an inferior mortgagee to the plaintiff herein, made due demand of the defendant for possession of said grain for the purpose of foreclosure of his mortgage, and was refused.

The complaint alleging conversion is in the usual form.

The defendant interposed an answer setting forth that there was another action pending between the same parties for the same cause, and declares, quoting from the answer, "that the plaintiff now is estopped

by the judgment hereinafter to be entered in said action from further proceeding on the cause of action, in both of said actions involved," and for a second defense denies generally and specifically all of the allegations of plaintiff's complaint.

The case of Covlin v. Volochenko, ante, 6, 204 N. W. 892, and the case at bar were argued at the same time before this court. Attorney Lambert appeared for Osborne-McMillan Elevator Company and Attorney Campbell for the First State Bank of Kief in both cases. The elevator company was garnishee and the plaintiff bank was interpleaded in the former case.

The entire record on appeal in both cases is before this court and one argument was made by counsel in both cases. (1). The first assignment of error challenges the ruling of the trial court in permitting Anton Volochenko to testify orally that he was the owner of an undivided one-half interest in the wheat. It was shown that the lease was in writing, and no excuse was offered for its nonproduction. The defendant contends that the lease was the best evidence of its contents, as to the share of the crop belonging to Mr. Volochenko.

It is unnecessary to decide this question. If the same was error it was without prejudice. In Covlin v. Volochenko, supra, the trial court found in ¶ 6 of findings of fact, which has not been modified by this court on appeal, and which is binding on both parties to this action, that Anton Volochenko is an owner of a one-half interest in and to said grain.

(2). The second assignment of error raises the question as to the identity of the grain. Was same raised upon the land described in the chattel mortgage?

In respect to the sufficiency of the evidence to sustain the finding that the grain delivered to the defendant elevator company was grain raised upon the Carl W. Covlin land covered by the mortgage, we are satisfied that Mr. Volochenko's testimony upon that fact is sufficient. He testified that he knew the Carl W. Covlin land in McLean County, that he rented it of Mr. Covlin in 1920, and raised wheat upon it that year and delivered same to defendant elevator company at Dogden, though at the time he testified he could not remember the legal description of the land; that it was the same land upon which he gave Mr. Stringer a chattel mortgage on the crop.

A. C. Stringer testified that he was the cashier of the plaintiff bank in 1919 and secured the mortgage in question for the bank from Mr. Volochenko.

(3). The next assignment of error challenges the holding of the trial court that conversion of the grain by the defendant took place, there being no evidence of a demand and a refusal.

A demand by the plaintiff for the possession of the grain in question in this action for the purpose of foreclosure and sale manifestly would have been futile on December 31, 1920, when the defendant's attorney signed and swore to the disclosure in garnishment, set forth in the case of Covlin v. Volochenko, supra. It then became apparent that the controversy over the grain in question was based upon conflicting claims and that the defendant was in the act of seeking a legal determination of the rights of the parties. Nor would a demand have been complied with at any time prior to the date of said disclosure or subsequent to the 26th day of November, 1920, when the defendant herein was served with the process in garnishment in the said case of Covlin v. Volochenko, and for the same reason.

We think that the evidence fairly discloses as a fact that a demand would have been futile if made by plaintiff on September 14th, 1920, when the demand was made by W. A. Bokovoy, and for the same reason that delivery was refused to Mr. Vokovoy. However, for the purposes of this decision, it is unnecessary to make such finding in view of the fact that a demand certainly would have been of no avail on the 26th of November, 1920. Demand was unnecessary under the well-established principle that it would have been unavailing. See Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Raper v. Harrison, 37 Kan. 243, 15 Pac. 219; More v. Burger, 15 N. D. 345, 107 N. W. 200; Kastner v. Andrews, 49 N. D. 1059, 194 N. W. 824.

(4). The next contention of the defendant is to the effect that it had no legal right to deliver the grain to the plaintiff if demand had been made. This issue was not raised by any assignment of error, and in fact, was abandoned by defendant in the oral argument and brief.

(5). The next question raised by the defendant is the sufficiency of the evidence as to damages. It contends that proof of the value of

the grain was not as of the date of the conversion of the grain by defendant, if there was a conversion.

The measure of damages for the conversion of personal property is the value of the property at the time of the conversion, with interest from that time, or, when the action has been prosecuted with reasonable diligence, the highest market value of the property between the time of conversion and the verdict, without interest, at the option of the injured party. Comp. Laws 1913, § 7168.

The prayer for relief simply asks for the amount due on the plaintiff's note and mortgage. If the plaintiff brought this action with reasonable diligence and there seems to be no doubt that it did, the plaintiff may recover the highest market price between the time of conversion and the verdict in this case. The former case of Covlin v. Volochenko begun in the fall of 1920 and decided by the trial court on November 21st, 1924, and the date of the complaint in the instant case is the 11th day of January, 1925. The plaintiff, in our opinion brought the action within a reasonable time, taking into consideration the circumstances in connection with the litigation involving the rights of the parties herein.

From November 21, 1924, to January 11, 1925, is less than sixty days. That is not an unreasonable length of time. Under the circumstances, plaintiff was justified in not bringing the action at bar until the former case was at least dismissed in the district court. The defendant is objecting strenuously because the plaintiff did not wait until the case of Covlin v. Volochenko was decided by this court. We think the plaintiff brought the case at bar with reasonable diligence.

In view of these considerations, we think that the value of the grain, shown by the evidence, on December 30, 1920, is sufficient. The time of conversion having been established as November 26th, 1920, any value between that date and the date of the verdict is sufficient under the second clause of the statute. The value of the grain on December 30, 1920, is much more than the amount due on plaintiff's note and mortgage.

(6). The next question presented by this appeal is the effect of another action pending between the same parties for the same cause, and whether or not such other action operates as a bar to the instant case. We think it does not operate as a bar. The former case was dismissed

without prejudice to the bringing of this action by the trial court and dismissed by this court.    Covlin v. Volochenko, ante, 6, 204 N. W. 892.    In view of such decision the same did not operate as a bar.    The appellant has cited the case of McLain v. Nurnberg, 16 N. D. 138, 112 N. W. 245, and contends that it supports its contention that the case of Covlin v. Volochenko, having been appealed to this court and pending in this court, operates as a bar.

In McLain v. Nurnberg, supra, "The plaintiff recovered judgment in justice court for the possession of certain premises and for rent up to a specified period.    Defendant appealed from the judgment to the district court and gave a supersedeas bond for stay of execution, and said appeal was pending and undetermined when plaintiff commenced another action for possession of the same premises against the same defendant and for rent from the time of the recovery thereof in the former action.    Defendant pleaded the pendency of the former action in his answer.    Held, that the former action was a bar to the second one."

The difference between the facts in the case at bar and McLain v. Nurnberg is apparent.    The judgment in the case of Covlin v. Volochenko, supra, was expressly without prejudice to the bringing of a new action.    It did not purport to decide the matters in issue between the parties.    Hence, it is not a bar.

Section 7442.    Compiled Laws of 1913, provides that "the defendant may demur to the complaint when it shall appear upon its face, either (1) . . . (2) . . . or (3), that there is another action pending between the same parties for the same cause, or (4) . . . (5) . . . or (6).    That the complaint does not state facts sufficient to constitute a cause of action."

Section 7446 provides that "when any of the matters enumerated in § 7442 do not appear upon the face of the complaint, the objection may be taken by answer."

It is apparent that the objection referred to is of the same nature whether raised by answer or demurrer.    The statute does not deal with the effect of the pendency of another action.    That is left for the determination of the court.    The effect of the pendency of another action is, ordinarily, to stay proceedings merely and not to bar the subsequent suit.    See 1 C. J. 1162; 1 Enc. Pl. & Pr. 775.

The next question presented by appellant is whether the plaintiff

herein is not bound by an election of remedies, claiming that the plaintiff elected to foreclose its mortgage in Covlin v. Volochenko, supra. This question was passed upon by this court in its decision of that case in the first paragraph of the syllabus.

The foregoing considerations dispose of all the questions raised upon this appeal and, finding no error in the trial court's proceedings, the judgment of the lower court is accordingly affirmed, with costs to the plaintiff.

CHRISTIANSON, Ch. J., and BIRDZELL, JOHNSON, and BURKE, JJ., concur.

NUESSLE, J., being disqualified, did not participate; BERRY, Dist. J., sitting in his stead.