## Augustus P. Tucker v. Isaac P. Alger and others.

*Mortgages: Bond : Due-bill : Substitution : Parol agreement: Proofs.* Where, in place of part of a bond secured by mortgage, for the payment of one thousand five hundred dollars in three yearly payments to a third person after the death of the mortgagee, a due-bill of the mortgagor, payable to the mortgagee, at a different date, is substituted by parol arrangement some time after the giving of the mortgage, the lien of the mortgage will not be held to cover such due-bill, in the absence at least of a clear showing that such was the agreement when the exchange was effected.

*Submitted on briefs July 10.    Decided July 21.*

· Appeal in Chancery from Branch Circuit.  .

*A. P. Tucker*, in person, for complainant.

*E. G. Fuller*, for defendants.

GRAVES, CH. J.

This case comes up on appeal from a decree dismissing the bill. The transactions mentioned in the record are peculiar and numerous, but a large portion of them are

without importance in the view we take of the case. The complainant seeks to foreclose a mortgage for a payment secured by a note which was given some time after the mortgage, and as the complainant claims, in the place and stead of so much of the bond which accompanied the mortgage.

The bond and mortgage were made in 1862, and in 1866 the bond was canceled as to the payment in question. The payment here mentioned was for one thousand five hundred dollars, and was provided by the bond and mortgage to be paid in three equal yearly payments to one Curtis M. Tucker after the death of the complainant and his wife, who were the mortgagees. When this was canceled in 1866 the complainant took the mortgagor's due-bill for the amount. It is now insisted that the mortgage lien was not affected, and that the note was a mere substitute for so much of the bond as provided for the payment of the one thousand five hundred dollars. The mortgage, as made, provided for the payment of the one thousand five hundred dollars after the death of complainant and his wife. And it provided that the payment should be to Curtis M. Tucker. If the note became a substitute for so much of the bond and was secured by the mortgage, then the mortgage was altered in its operation, and was made to secure a payment due at a different time, and to be made to another party; and this, too, by a parol arrangement. The due-bill, it is true, was in writing, but the agreement, if any, that it should be covered by the mortgage, was verbal. I think it may be well doubted whether a mortgage can be modified and altered in that way. If it can it would seem to follow that it may be constituted by parol. Because if the mortgage in question is now a mortgage for the one thousand five hundred dollars, it is so for the reason that the supposed verbal arrangement is an indispensable part of it. But the bill fails in setting up a case in accordance with the theory that it was *agreed*, when the provision for the payment of the one thousand five hundred dollars was can-

celed, that the mortgage should *secure* *the note* as it had done the bond.

No agreement of that kind is stated in the pleadings. It is, indeed, suggested in the bill that the note was agreed to be taken in *place of the bond* in respect to the one thousand five hundred dollars, but this comes short of saying that it was *to stand secured by the mortgage.* The parties might well enough exchange one form of personal security for another without attempting to go farther, and the statement in the bill would be satisfied if such was the case. If the complainant designed to urge that it was agreed between himself and his son that the mortgage should secure the note, he should have so claimed in his bill, and should have stated the agreement. The proofs of complainant are scarcely, if at all, more satisfactory on this point than the bill. There are other difficulties, but it is not necessary to notice them.

The decree below should be affirmed, with costs.

The other Justices concurred.