CHAMPLIN HAVENS v. WHITNEY JONES AND LOUISA A. JONES.

*Foreclosure—Showing of defendant's interest—Usury—Personal agreement to pay interest at an increased rate.*

A defendant in foreclosure whose connection with the mortgage or the equity of redemption is not shown by the bill, is not a proper party and is entitled so far as he is concerned to have the bill dismissed with costs.

Usury in Michigan is only such interest as exceeds ten per cent.

A mortgagee has a right to stipulate for ten per cent. interest as a condition to extending time of payment, and if paid and applied as interest, the application will not be disturbed.

A note secured by mortgage was indorsed with an agreement to pay a higher rate of interest. *Held* that the indorsement was a mere personal agreement and did not enlarge the mortgage.

A mortgager who has paid interest upon ten per cent. interest, when behind in his payments, is entitled to have it allowed on the principal, as ten per cent. is the statutory maximum of interest that may be taken in Michigan.

Appeal from Ingham. Submitted Jan. 4. Decided Jan. 12.

FORECLOSURE. Defendants appeal. Dismissed as to one and remanded for decree as to the other.

*Lucian Reed* for complainant.

*Jason E. Nichols* for defendants.

COOLEY, J. This is a suit to. foreclose a mortgage given by Whitney Jones. Louisa S. Jones is made a party defendant, but who she is or how connected with the mortgage or with the equity or redemption the bill does not show. She was therefore not a proper party.

The principal controversy between complainant and Whitney Jones relates to the question whether anything remains unpaid on the mortgage. It was given in 1855 to secure the payment of a promissory note of $5500, and interest at seven per centum. The amount of this note was reduced to $1000 by

payments, at which sum it stood in 1860. From that time until 1876 the mortgagee paid annually $100 as interest, and it was applied as such on the mortgage. He now claims that $30 of this sum should have been applied annually to the principal; and if so applied the mortgage would be, more than paid. But we cannot make this application. The mortgagee had a right, if he extended the payment, to stipulate for ten per cent interest; and whether he stipulated or not, the mortgagor might pay it, and the payment would not be a payment of usury; for nothing is usury in this State that does not exceed that rate. So far, therefore, as the application has been actually made, we cannot disturb it.

But the complainant has obtained a decree in which the interest remaining unpaid is computed at ten per centum. To justify this an endorsement on the note, signed by the mortgagor, was put in evidence, which read as follows: "I hereby agree to pay ten per cent interest on the above note since the 14th April, 1860, until fully paid. May 12, 1860." But this was a mere personal undertaking; it did not enlarge the mortgage. Moreover it was not set up and relied upon in the bill as a ground for any relief. *Tucker v. Alger* 30 Mich. 67. The computation should have been restricted to seven per centum.

It is claimed by the mortgagor that he not only paid ten per cent interest yearly, but that he also paid interest upon this interest when payment was not promptly made. If so, he is entitled to have it allowed on the principal, for ten per centum is the statutory maximum of interest that may be taken.

The decree must be reversed with costs, and the cause remanded with directions to enter decree in accordance with these views. The defendant Louisa S. Jones is entitled to a dismissal of the bill in the court below with costs.

The other Justices concurred.