ALBANY CITY NATIONAL BANK, Respondent, *v.* THE HUDSON RIVER BRICK MANUFACTURING COMPANY, Appellant, Impleaded with Others.

*Action to foreclose a chattel mortgage — allegation of interest, or claim of interest, by a defendant — judgment justified thereby.*

In an action brought for the foreclosure of a chattel mortgage, an allegation that a defendant has or claims to have some interest in the mortgaged property is sufficient to show that such defendant is a proper party to the action, and in case of his failure to protect his interest in the subject-matter thereof, the complaint is sufficient to justify the plaintiff in entering a judgment of foreclosure and sale cutting off all rights which such defendant has therein which are subordinate to the plaintiff's mortgage.

APPEAL by the defendant, The Hudson River Brick Manufacturing Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff overruling the defendant's demurrer to the complaint, entered in the office of the clerk of the county of Westchester on the 12th day of February, 1894, upon the decision of the court rendered at the Orange Special Term.

*Lent & Herrick*, for the appellant.

*J. Newton Fiero*, for the respondent.

DYKMAN, J. :

This is an appeal from an interlocutory judgment overruling a demurrer to the complaint.

The action is for the foreclosure of a chattel mortgage, and the allegation in respect to the brick company is that it has or claims to have some interest in the mortgaged property.

The brick company demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action against it.

The statement already recited was sufficient to show that the brick company was a proper party to the action and it is not necessary for us to determine the relief to which the plaintiff is entitled under that allegation.

The defendant against whom it is made must protect its interest, and in case of failure to do so the complaint is sufficient to enable

the plaintiff to take judgment of foreclosure and sale as against all rights which are subordinate to the mortgage.

Our conclusion is that the judgment should be affirmed, with costs.

CULLEN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.

