### SMITH v. FLEISCHMAN.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. ABATEMENT—ANOTHER ACTION PENDING.

The pendency of an action against a contractor to recover damages for breach of the contract, in which defendant interposes a mere general denial, cannot be set up by the plaintiff therein as a defense to an action in equity against him by the contractor to foreclose a mechanic's lien for services performed under the contract.

2. RIGHT TO JURY TRIAL.

The constitutional guaranty of the right to a trial by jury (Const. art. 1, § 2) does not apply to an action to foreclose a mechanic's lien.

3. CONTINUANCE PENDING APPEAL.

Where a defendant's motion, on notice, to frame issues for a trial by jury, under Code Civ. Proc. § 970, is denied, with leave to renew, and, instead of renewing the motion, defendant appeals, the refusal of the court to delay the trial until a decision on the appeal, on defendant's further motion, made at the trial, and based solely upon the fact of the pendency of the appeal, is not error.

Appeal from special term.

Action by Jeremiah T. Smith against Joseph Fleischman. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

A. H. Parkhurst, for appellant.
C. N. Bovee, Jr., for respondent.

PATTERSON, J. This is an appeal from a judgment in favor of the plaintiff in an action to foreclose a mechanic's lien. It was determined in the court below that the plaintiff had an enforceable lien upon the leasehold interest of the defendant in the premises mentioned in the judgment, and it was directed that such interest be sold, and, out of the proceeds thereof, the plaintiff be paid the amount of his lien, with various costs and charges in addition thereto. It appeared in evidence that the plaintiff and the defendant Fleischman entered into a contract in writing, by which the plaintiff undertook to do certain work and furnish certain material for the completion

and decoration of a store in which the defendant named carried on the business of a florist. By the terms of the contract, the plaintiff was to be paid the sum of $5,375 for all the work to be done and materials furnished thereunder. He was paid, on account, the sum of $3,000. After various interferences caused by Fleischman, which rendered it impossible for the plaintiff to complete the work, the defendant named prevented the further performance of the contract altogether. At that time all the material had been furnished and the work completed except to the value of about $240. On the 25th of September, 1896, within the time allowed by law, the plaintiff duly filed a notice of lien in the office of the clerk of the city and county of New York, and claimed thereby that he was entitled to the sum of $2,135, the unpaid balance of the contract before mentioned. The answer admits the making of the contract, but one of the defenses interposed is a denial of the allegations of the plaintiff respecting performance. Upon that issue the evidence abundantly established the merit of the plaintiff's claim, and fully justified the decision of the court below in that regard. Although the contract was entered into in March, performance was not begun until some time in April, a delay which was for the accommodation of the Easter trade of the defendant Fleischman as a florist. When the work was begun, it was carried forward with reasonable diligence, until it approached its final stage, and then, by reason of the determination of Fleischman to make some material changes in the general plan of the store, other workmen upon other departments of the work were put into the store, and it was impossible for the plaintiff to complete what was required of him while such other workmen were in occupation of the premises; and it was also impossible for him actually to finish his contract until it was known what the location of a certain stairway, which the defendant Fleischman had determined to put in, would be. The allegation of the complaint that the plaintiff was prevented from performance of his contract was fully proven. On the 29th of August, Fleischman ordered the plaintiff's foreman and men off the job, and then wrote to the plaintiff that, in consequence of his being unable to complete the store as per contract, he would be compelled to call in another firm to finish the work. The whole evidence clearly discloses that this was a mere subterfuge, without anything upon which to base the pretense of the plaintiff's inability to finish the work. The evidence respecting the delays in the work, and what and who caused them, is without contradiction.

Another of the defenses interposed was that there was another action pending between the same parties with reference to the same subject-matter. The present action to foreclose the lien was begun on the 12th of October, 1896. On the 9th of September, 1896, the defendant Fleischman brought an action in this court, and in the complaint therein claimed that, by reason of a breach of the contract between this plaintiff and himself, he (Fleischman) sustained great damage, and judgment was demanded therefor. The pendency of this action at law, it is claimed, is a good plea in abatement of this suit in equity; and it is further insisted that all that is in controversy between the parties here was necessarily embraced in the issues in that

action, and that the plaintiff here was bound to set up his claim to enforce his lien by way of counterclaim in that action. That to some extent the action at law involved the same general inquiry as that arising in this suit must be conceded. The allegation of a breach involves the whole subject of performance, and a counterclaim for the contract price might be set up and established; but it does not follow that this plaintiff would be enabled to foreclose his lien simply because he might, by way of counterclaim, recover a money judgment in the action at law. An entirely different line of evidence, relating to the establishment of a special statutory cause of action, would be required to enforce the lien. While the right to the enforcement of the lien is dependent upon the establishment of a legal right to recover, it does not follow that, where that right is brought in question in another action, the enforcement of the lien must be had concurrently with the establishment of the right. In the answer which was interposed by this plaintiff to Fleischman's action at law, no counterclaim whatever is set up. There is merely a general denial of the allegations contained in Fleischman's complaint. The position of Smith as a defendant in Fleischman's action could have been no worse than had he been plaintiff in an action against Fleischman on the contract. And it has been held that the pendency of an action for services is not a bar to a proceeding against the same parties for the foreclosure of a lien for such services (Raven v. Smith, 71 Hun, 197, 24 N. Y. Supp. 601); and also that, where a lienor has chosen to bring an action at law, that does not affect his right to continue a lien, and, any time before the satisfaction of the judgment, resort to a foreclosure of the lien. It is declared to be a cumulative remedy. In re Gould Coupler Co., 79 Hun, 206, 29 N. Y. Supp. 622. The foreclosure of the lien, therefore, was not a matter necessarily involved in an issue raised in Fleischman's common-law action, and the plaintiff is not precluded from maintaining this suit by reason of the pendency of that action.

But it is further insisted that the defendant Fleischman was entitled to a trial by jury. That he had no such absolute right is fully settled. Asphalt Co. v. Arnott, 86 Hun, 182, 33 N. Y. Supp. 343, affirmed 152 N. Y. 584, 46 N. E. 956, where it is held that, the character of an action to foreclose a mechanic's lien being strictly that of a suit in equity, it is to be tried in the same way as actions for the foreclosure of mortgages, and that the constitutional provision respecting the preservation inviolate of the right to a trial by jury does not invalidate the provision of the mechanic's lien law respecting the method of trial in such cases. Before any evidence was taken on the trial, the defendant Fleischman claimed the right to have the issues framed for trial by jury, under section 970 of the Code of Civil Procedure. He also claimed the right to have the issues arising upon the counterclaim framed for trial by a jury, under the same section of the Code. He also asked that the trial of the action be stayed until after the determination by the appellate division of an appeal taken by him from an order denying a motion to frame issues, under section 970 of the Code, and represented that such appeal was pending in the appellate division, and remained

undetermined; and he demanded that the trial be delayed until that appeal was decided by the appellate division. There being no constitutional right to a trial by jury of the whole case, the question remains of the defendants being entitled to a trial by jury of any issues. It is provided by section 974 of the Code of Civil Procedure that where a defendant interposes a counterclaim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by the defendant against the plaintiff for 'the cause of action stated in the counterclaim, and demanding the same judgment. It has been held that that provision of the Code does not give a defendant so situated the absolute right to a jury trial of the issues of fact arising on the counterclaim.

In Mackellar v. Rogers, 109 N. Y. 472, 17 N. E. 351, it is said:

"It is conceded that the mode of trial of the issue tendered by the counterclaim might be the same as if it had arisen in an action. But a counterclaim in an equity suit is not a case where a right to a jury trial existed at common law. Chapman v. Robertson, 6 Paige, 627; Jennings v. Webster, 8 Paige, 503. It is not secured by the constitution. It is not to be had as of course, for the action is not within section 970 of the Code, the complaint demanding judgment other than for a sum of money. It is enforced by statute (section 974), and so is within section 970, which requires an application upon notice, to the court, for an order directing the questions arising upon the issues to be stated for trial."

In the case before us an application on notice had been made, and was denied, but with leave to renew. The motion was not renewed. Instead of doing so, the defendant appealed from the order denying his motion. It was entirely within the discretion of the justice at special term to determine whether the trial should proceed, or await the determination of the appeal from the order. No other ground was advanced than that an appeal was pending, and the trial justice was correct in refusing to delay a suitor in the enforcement of his right upon a mere request of a person resisting that right. The right to move was the only right he had, and he could not exercise it at the trial.

The judgment appealed from was right, and should be affirmed, with costs.

BARRETT, RUMSEY, and WILLIAMS, JJ., concur. VAN BRUNT, P. J., concurs in result.