## HUFF ET AL. v. CLARK.

[No. 4,986.  Filed October 4, 1904.]

PLEADING.—Foreclosure of Mortgage.—Parties.—Complaint.—A complaint on a note and to foreclose a chattel mortgage securing the same, alleging that certain named defendants were made parties "to show what, if any, interest they have in said property," does not state a cause of action against such defendants.

From Monroe Circuit Court; James B. Wilson, Judge.

Action by James B. Clark against Thomas Huff and others. From a judgment for plaintiff, defendants Huff and another appeal. Reversed.

J. H. Louden and T. J. Louden, for appellants.
R. G. Miller and A. M. Hadley, for appellee.

WILEY, J.—James B. Clark, as plaintiff below, prosecuted an action against James T. Bright, as defendant, upon a note, and to foreclose a chattel mortgage. Appellants, Thomas Huff, Squire Thomas, and Hayes Hunter were made parties. The complaint is in the usual form upon a note, and for the foreclosure of a chattel mortgage. The only charge in the complaint against Thomas and Huff and Hunter is in the following language: "That the defendants, Squire Thomas, Thomas Huff, and Hayes Hunter, are made parties to show what, if any, interest they have in said property." Hunter was defaulted, but neither he nor the original defendant Bright joins in the appeal. Appellants, Thomas and Huff, severally and separately demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them. This demurrer was overruled, and exceptions reserved. The cause proceeded to trial, after issues were joined, resulting in a finding and judgment against all of the defendants. Separate motions for a new trial were overruled, and all rulings adverse to appellants are assigned as errors.

The first question for determination is whether or not the complaint states any cause of action against appellants, Thomas and Huff. We have quoted the only averment of the complaint as affecting them. It is a rule of pleading, fixed by the statute, that a complaint shall contain a statement of facts constituting a cause of action in plain and concise language, and in such manner as to enable a person of common understanding to know what is intended. §341 Burns 1901, Subd. 2. This rule is elemental, and has always been recognized by the courts of this state. It is clear that no cause of action is stated against Thomas and Huff, for there is no averment that they have any interest in the subject of the controversy, or that they assert any interest, or that such interest is adverse to that of appellee.

In the case of *Martin* v. *Noble,* 29 Ind. 216, it was declared as a rule of pleading that in a complaint to foreclose a mortgage any person may be joined as a defendant to answer as to his interest, but the complaint must show that the person so joined as defendant at least claims to have some interest in the matter in controversy. That was an action to foreclose a mortgage, in which appellant Martin was made a defendant, and unsuccessfully demurred to the complaint for want of sufficient facts. The Supreme Court said: "There was no averment whatever against him, and no reason shown for making him a defendant. It is very true, as is argued for the appellee, that one may be made a defendant in such a case, to answer as to his interest in the property. But it must at least be alleged against him, that he either has, or claims some interest." It was held that the complaint against him was fatally defective, and that the demurrer should have been sustained.

In the case of *Bradford* v. *Russel,* 79 Ind. 64, it is held that under a demurrer it is sufficient, in a complaint to foreclose a mortgage, to aver that a defendant has or claims some interest in the mortgaged premises, in order to require him to answer as to that interest. To the same effect is the case of *Bowen* v. *Wood,* 35 Ind. 268. Jones, Mortgages (6th ed.), §1396, declares the rule in the following language: "One made a defendant to a foreclosure suit, whose connection with the mortgage * * * is not shown by the bill, is not a proper party, and is entitled, so far as he is concerned, to have the bill dismissed with costs." The following authorities support the text: *Havens* v. *Jones,* 45 Mich. 253, 7 N. W. 818; *Olyphant* v. *St. Louis, etc., Steel Co.,* 23 Fed. 465.

By the complaint, appellants, Huff and Thomas, are in no way connected with the mortgage, and are not shown to have or to claim any interest in the mortgaged property. As no cause of action was stated against them, their de-

murrer to the complaint should have been sustained. This conclusion leads to a reversal as to them, and questions that arose subsequently need not be considered.

Judgment reversed.