N. O. GOLLY and P. M. EMLY, Copartners, Respondents, v. CARL
KINER, Security State Bank, of Benedict, a Corporation, Bene-
dict Farmer's Co-operative Elevator Company, a Corporation,
Alex Harchanko Elevator Company, a Corporation, Defendants,
and NORTHLAND ELEVATOR COMPANY, Appellant.

(197 N. W. 883.)

**Agriculture — proper parties defendant in action to foreclose threshing
lien.**

1. In an action to foreclose a threshing lien, it is proper to join, as parties
defendant, other persons who have an interest in or incumbrance upon the
grain threshed.

**Agriculture — complaint for foreclosure of threshing lien held sufficient.**

2. Where the complaint, in an action to foreclose a threshing lien, alleges
that one of the defendants has or claims an interest in the property incum-
bered by the lien sought to be foreclosed, it shows that such person is a proper
party to the action, and an allegation that such party claims an interest in
or lien upon property adverse to that of the plaintiff is sufficient as against
a demurrer upon the ground that the complaint does not state facts sufficient
to constitute a cause of action against such person.

Opinion filed November 16, 1923.   Rehearing denied March 20, 1924.

Agriculture, 2 C. J. § 100 p. 1016 n. 15; § 102 p. 1016 n. 62.

Appeal from an order of the District Court of Ward County, *Moell-
ring,* Judge.

Affirmed.

*F. B. Lambert,* for appellant.

*Campbell & Funke,* for respondent.

JOHNSON, J. Plaintiffs brought this action in the district court
of Ward County, for the purpose of foreclosing a threshing lien upon a
quantity of grain, under the provisions of chapter 97 of the Civil
Code, Comp. Laws, 1913.   The appellant demurred separately
upon three grounds, namely, that there is a defect of parties defendant,
that several causes of action are improperly united and that the com-
plaint does not state facts sufficient to constitute a cause of action

against the appealing defendant. From the order of the trial court overruling the demurrer, the defendant, Northland Elevator Company, appeals.

The action is to foreclose a lien upon personal property and the complaint is in the usual form. It alleges the corporate character of the appellant and its co-defendants; that the plaintiffs are copartners and were, during the season of 1921, engaged in the business of operating a threshing machine in Ward county, this state; that one of the defendants, Carl Kiner, was engaged in farming land described in the complaint and situated in Ward county and raised wheat, rye and speltz thereon during the season of 1921; that about September 2, 1921, the plaintiffs entered into a contract with Kiner to thresh the crop raised on the premises described, at a compensation of $20 per hour; that, in pursuance of the contract, plaintiffs threshed the crops raised on the premises described (the quantity of each kind of grain threshed is also stated); that they finished the threshing on September 5, 1921; that there is due the plaintiffs, from the defendant, Kiner, under the contract and for the services performed pursuant thereto, the sum of $322.50, no part of which has been paid; that, thereafter, on October 4, 1921, the plaintiffs, for the purpose of perfecting a lien on the crops threshed as aforesaid, filed a verified statement, in the office of the register of deeds of Ward county, reciting therein the quantity of grain threshed upon the premises, the price agreed upon for threshing the same, the name of the person for whom the threshing was done, and a description of the land on which the grain was grown; and that the lien remains on file and wholly unsatisfied. It is then alleged that the defendant and appellant and other corporations named "claim some interest in, or lien or encumbrance on the said grain so raised upon the said premises, but that the said interests or liens of the said defendants are subsequent and subordinate and inferior to the lien of said plaintiffs." Then follows a prayer for judgment against the defendant, Kiner, in the sum of $322.-50, with interest; that the sum found due be decreed a lien upon the crops described in the complaint, and that a decree issue, directing a sale thereof to satisfy the judgment and for costs, such sale to be had by a person or officer designated in the judgment in the manner provided by law for the sale of personal property under execution; that the

proceeds of the sale be applied on the judgment and for the costs; that the plaintiff, or any other person, be permitted to purchase the property at such sale; that the defendant, Kiner, be adjudged to pay any deficiency remaining after the proceeds of the sale have been applied upon the judgment: "that the defendants, and each of them be forever barred of and from any lien or interest in or encumbrance upon the said property, save and except the right of redemption as provided by law;" and for such further relief as to the court may seem just and equitable.

The complaint does not expressly allege that the property on which the lien is claimed is in existence, or in whose possession it is; neither does it allege that the property is within the jurisdiction of the court; and the specific facts on which the defendant (appellant) bases its alleged claim of interest in the property are not set forth. The contention that the complaint does not state sufficient facts is apparently based upon the absence of such allegations.

Two of the grounds of the demurrer, namely, that there is a defect of parties defendant and a misjoinder of causes of action, are obviously without merit. The action is one to foreclose a lien upon personal property and is, therefore, equitable in character. The defendants (other than Kiner, for whom the threshing was done) are joined as defendants solely because they claim an interest in or an incumbrance upon the property adverse to the lien claimed by the plaintiffs. Under § 7404, Comp. Laws, 1913, it was proper to make them parties defendant. See 11 C. J. 722. There is only one cause of action stated in the complaint and that for the foreclosure of a lien on personal property.

Appellant argues that because the complaint does not expressly allege that the property was in existence and within the jurisdiction of the trial court when the action was commenced, it is, therefore, demurrable upon the ground of insufficiency. We think, however, that the complaint, fairly construed, contains allegations from which the inference of fact fairly and necessarily arises that the property was both in existence and within the jurisdiction of the trial court. The summons in the action is dated October 4, 1921; service of the summons and complaint was had on the defendant and appellant on October 6, 1921; the threshing was completed September 5, 1921, 29 days

before the action was commenced. The facts alleged in the complaint indicate beyond doubt that when the threshing was completed the grain was in the possession of the defendant, Kiner, for whom the work was done. It is not alleged in the complaint that any of the other defendants or any other person thereafter purchased the grain threshed or that the defendant Kiner parted with the possession thereof. There is no allegation of fact in the complaint, nor are there any facts alleged from which the inference can be drawn that possession did not continue in the defendant, Kiner, and within the jurisdiction of the trial court up to the time when the action was commenced. We must presume that possession of personal property once existing continues until the contrary is made to appear. Comp. Laws, 1913, § 7936, subd. 32; Berrenberg v. Boston, 50 Am. Rep. 296 and note (137 Mass. 231); Metzger v. Schultz, 59 Am. St. Rep. 323, and note (16 Ind. App. 454, 43 N. E. 886, 45 N. E. 619); Moore v. Ohio Valley Gas Co. 63 W. Va. 455, 60 S. E. 401. In view of the short period of time intermediate the threshing and commencement of the lawsuit, we do not think that the presumption can be said to have been overcome by lapse of time. Assuming, without deciding, therefore, that such allegations are essential, under the circumstances in the record we think the complaint avers sufficient facts from which it appears that the property was in the possession of the defendant and within the jurisdiction of the court when the action was commenced.

Appellant further contends that the complaint does not state facts sufficient to constitute a cause of action against the appellant because it does not expressly allege the specific facts on which the alleged claim of interest in the property is based. As has been heretofore stated, the complaint merely avers that the appellant and others named claim an interest in or lien or incumbrance upon the property in hostility to the lien claimed by the plaintiffs. Where the complaint, in an action to foreclose a threshing lien, alleges that one of the defendants has, or claims, an interest in the property incumbered by the lien sought to be foreclosed, it shows that such person is a proper party to the action and an allegation that such party claims an interest in or lien upon the property adverse to that of the plaintiff is sufficient as against a demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action against such per-

son. Albany City Nat. Bank v. Hudson River Brick Mfg. Co. 79 Hun, 387, 29 N. Y. Supp. 793; Jones, Chat. Mortg. 5th ed. § 783; Huff v. Clark, 33 Ind. App. 606, 71 N. E. 910; 11 C. J. 722. It was not necessary to allege the specific facts upon which the claim of interest in the property was based. The complaint alleges the ultimate fact in this regard and the circumstances or facts on which the claim of interest or incumbrance is based are evidentiary. Comp. Laws, 1913, § 7440.

The order of the trial court is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and NUESSLE, JJ., concur.