F. W. REICHERT AND ANOTHER v. PURE OIL COMPANY.[1]

June 17, 1927.

Nos. 26,095, 26,112.

**When plea of former action pending is not good.**
    1. The plea of former action pending is not good where, though they relate to the same subject matter, the nature of the two actions is essentially different. Rule applied where former action was for specific performance and latter for damages for breach of the same contract.

[1]Reported in 214 N. W. 669.

**When plea of former action pending is good.**

2. The plea of former action pending is good when the judgment in the first case will bar the cause of action asserted in the second, but not when such judgment will estop the parties only as to one of the issues tendered in the later action.

Abatement and Revival, 1 C. J. p. 61 n. 17; p. 62 n. 18; p. 66 n. 62.
Estoppel, 21 C. J. p. 1061 n. 17.
Judgments, 34 C. J. p. 745 n. 83, 86; p. 921 n. 78.
Specific Performances, 36 Cyc. p. 587 n. 75; p. 588 n. 76.

See 15 R. C. L. pp. 962, 973; 3 R. C. L. Supp. 510, 512; 4 R. C. L. Supp. 1026, 1027; 5 R. C. L. Supp. 860; 6 R. C. L. Supp. 939, 940.

Defendant appealed from orders of the district court for Goodhue county, Albert Johnson, J., sustaining demurrers to portions of the answers in two companion cases. Affirmed.

*Fowler, Carlson, Furber & Johnson,* for appellant.

*A. J. Rockne* and *Albert Mohn,* for respondents.

STONE, J.

Appeals in companion cases from orders sustaining demurrers to the portions of the answers which plead in abatement another action pending.

Both actions are for the recovery of damages (one covering an earlier and the other a later period) on the oral contract between plaintiffs and defendant, The Pure Oil Company, which was the subject matter of Reichert v. Pure Oil Company, 164 Minn. 252, 204 N. W. 882. That being an action for the specific performance of the oral contract, it was necessary to find and the court did find the provisions of the contract with considerable detail. The contract as pleaded in the instant actions differs in material respects from the contract so found and includes some important additions. It is said, however, that the evidence in the former action would have supported findings consistent with the contract as now pleaded.

It is unnecessary to repeat here the findings in the former case. So far as material, they are quoted in the opinion (164 Minn. 254, 255, 204 N. W. 882, 883). Neither is it necessary to detail the points of divergence between the contract so found and the pleading of it in the complaints in the present actions, the point being that there are material differences and additions. The claim is that the findings of the contract in the former case close that issue and that a judgment in the former action would be a bar. That case was reversed here solely upon the ground that because plaintiffs could terminate the contract at any time, they were not entitled in equity to a mandatory injunction compelling defendants to continue its performance. After the case was remanded, nothing more seems to have been done below except that defendants moved to amend the conclusions of law and for judgment in accord with the opinion of this court. The motion was denied.

1. The former action being for specific performance and these for damages arising from breach, we must hold that the plea of former action pending is not good. "The pendency of one action is not a bar to another where the relief sought in the two is entirely different, although the same questions may be to some extent involved in both." Coles v. Yorks, 31 Minn. 213, 17 N. W. 341. Colby v. Street, 146 Minn. 290, 178 N. W. 599. So the fact that the same contract is the basis of the actions cannot alone make of the former action an obstacle to proceeding in the latter. There is nothing in the case, at present, to aid it in that respect. The cases involving substantial identity of causes of action are plainly distinguishable. Seeger v. Young, 127 Minn. 416, 149 N. W. 735, is typical of that situation, the holding being that the pendency of a proceeding to register title was well pleaded in abatement of a subsequent action between the same parties to remove adverse claims to the same title.

2. There is merit in defendant's proposition, the premise of its argument, that the findings in an action for the specific performance of an oral contract, nothing appearing to the contrary, ordinarily must be taken to embody the whole contract. Specific per-

formance of such agreements cannot very well be decreed "unless the whole terms of the contract are clear and definitely ascertained." 2 Story, Eq. (14 ed.) § 1053. It must appear "what is the contract which is to be performed." Fry, Specific Performance (6 ed.) § 380. And we are not now denying that if judgment is entered in the former case on the findings as they stand, the question of what the contract is, the issue as to its terms, will be closed. That question is not yet presented and is not determined.

It is correct also to say that if the judgment warranted by the findings and order in the first case would be a bar to the causes of action for damages now asserted, the plea of former action pending would be good. But the only effect of such judgment would be to deny a decree of continued performance by defendant. That of course might have little to say to defendant's liability for refusal to perform while plaintiffs were guilty of no breach and tendering performance on their part. Plainly, therefore, a judgment denying specific performance could not, in and of itself, bar the cause of action for damages arising from breach, if any.

So it is a mistake to invoke the operation of the possible judgment in the former case as a *bar*. As just stated, it cannot determine the question of damages for breach. But whether it will operate as an *estoppel* concerning the terms of the contract is another and different question. "There is a wide difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action." In the latter case, which is the present situation, the judgment in the first suit does operate as an estoppel, but *only* as to any "point or question actually litigated and determined." 15 R. C. L. 962, 973. O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 A. S. R. 426; Kinzel v. Boston & D. F. L. Co. 124 Minn. 416, 145 N. W. 124; Maguire v. Maguire, 171 Minn. 492, 214 N. W. 666, 215 N. W. 522. The principle is that of estoppel by verdict. Although that term is of "doubtful propriety" (21 C. J. 1061), there is no doubt of the effect

it designates. A judgment, as a bar to a cause of action, is simply conclusive evidence that the claim does not exist. It shows either that "the cause of action has been satisfied and merged in the judgment, or its nonexistence has been judicially determined and forever settled by the judgment." But the estoppel, as distinguished from the bar, of a judgment, and as operative between the same parties in another suit on a *different* cause of action, "precludes parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate of law, has been, on such issue joined, solemnly found against them." Cromwell v. County of Sac, 94 U. S. 351, 24 L. ed. 195 (quoting from Lord Ellenborough in Outram v. Morewood, 3 East, 346), followed in Fuller v. Metropolitan Life Ins. Co. 58 Conn. 55, 35 A. 766, 57 A. S. R. 84; 7 Wds. & Phr. (1 ser.) 6127.

But as yet there is no judgment in the former action; so argument supposing estoppel is premature. Meantime, it may be that the findings in the former case will be amended so as to be complete and consistent with the evidence therein with respect to the contract, or so as to show that it was not the intention to find the entire contract but only so much of it as was deemed necessary to support the injunctional relief ordered.

Orders affirmed.