E. J. MEAGHER and E. M. Meagher,
Plaintiffs and Appellants,

v.

Alice J. QUALE, Defendant and Respondent.

No. 7561.

Supreme Court of North Dakota.

July 13, 1956.

Lyche & Lyche, Grand Forks, for appellants.

Shaft, Benson, & Shaft, Grand Forks, for respondent.

GRIMSON, Judge.

This is an action brought to foreclose a mechanic's lien. It appears from the record that on the 11th day of June 1949, the plaintiffs, a co-partnership, entered into a contract with Alice J. Quale and Alice W. Rafter, to raise an apartment building on Lots 3 and 4, Viet's Addition to the City of Grand Forks; that the defendant, Alice J. Quale, was the owner of said premises and Alice W. Rafter had a life estate therein. The plaintiffs claim that there is due for the work done under contract, $734.25, for which amount they duly filed a mechanic's lien against the premises on Sept. 20, 1949.

On the 23rd day of September, 1949, Alice J. Quale and Alice W. Rafter commenced an action against the plaintiffs for damages to the building in the sum of $3,000 which they claim was caused by the carelessness and negligence of the plaintiffs in raising said building. In that action the plaintiffs herein filed an answer denying all carelessness. They counterclaimed for $734.25 claimed to be due for services under the contract. They asked that the plaintiffs take nothing by their complaint and defendants be awarded a judgment in their favor in the sum of $734.25, together with interest and costs. The plaintiffs in that action, defendants in this action, replied on March 1, 1950, claiming that the agreement provided that the services for raising the building would not be in excess of $225 and as a separate defense that the plaintiffs herein had not qualified for that work under the ordinances of the City of Grand Forks.

Nothing further seems to have been done about the matter in issue until the plaintiffs commenced this action for the foreclosure of the mechanic's lien on May 27, 1954. In that complaint they allege the contract for raising the building, the performance of the plaintiffs under that contract; the demand for payment; the filing of the mechanic's lien; the death of Alice W. Rafter so that the defendant, Alice J. Quale, is the sole owner of the property. They further allege that the notice of intention to foreclose was mailed to the defendant and received by her April 12, 1954, pursuant to Section 35–1221, NDRC 1943. They claim that there is due under the contract $743.25 and ask that said sum be adjudged a lien against the real estate described and for the foreclosure of said lien for that amount and costs.

To this complaint the defendant, Alice J. Quale, answers making a general denial and alleging as a separate defense that "there is another action pending between the plaintiffs and the defendant for the same cause of action." She further alleges a defense that the plaintiffs did not qualify for the work under the ordinances of the City of Grand Forks and as a counterclaim she alleges the negligence of the plaintiffs in performing the work thereby damaging the property in the sum of $3,000. To this answer the plaintiffs make a general denial.

After this action had been noticed for trial a pretrial conference was held at which time this matter of another action pending was argued. The district court took judicial notice of the pleadings, papers and files in the case of Alice J. Quale and Alice W.

Rafter v. E. J. Meagher and E. M. Meagher, co-partners, and after consideration of the matter and the briefs filed the court ordered this action dismissed on the grounds "that the issues in both actions are identical, and that the issues set forth in the pleadings in this action can be finally resolved in the first action wherein Alice J. Quale and Alice W. Rafter are plaintiffs and E. J. Meagher et al. are defendants."

Plaintiffs appeal from the order of the district court dismissing this action and ask for a trial de novo.

Counsel on both sides agree that the only issue on this appeal is whether the court erred in dismissing the appeal on the grounds that there was another action involving the same matters pending. The question for determination is, therefore, whether the two actions are sufficiently identical to support that finding.

"The usual tests of identity of actions are whether a final judgment or decree in the one action would operate as a bar to the other; or whether the same evidence will support both actions. * * One test that is usually employed is whether a final judgment or decree in the prior action would be conclusive between the parties and operate as a bar to the second action; or, in other words, whether a final judgment or decree in the prior action, pleaded in abatement, would support a plea of res judicata of the issues involved in the second action." 1 C.J.S., Abatement and Revival, § 42, b, p. 69.

"All courts agree that the cause of action must be the same in order that a pending suit abate one subsequently commenced, but difficulty is often encountered in determining whether the two causes are the same, and the authorities are not entirely harmonious. In many cases much the same test is used in determining what is the same cause of action for the purpose of abatement that is used in determining

when a matter is res judicata. The ultimate inquiry seems to be whether the judgment in the first, if one is rendered, would be conclusive upon the parties in respect of the matters involved in the second. In other words, if a judgment in the first action would bar the other action, then the subsequent action will abate; *but if such judgment would constitute no bar to the action, there is nothing to prevent the latter action from being maintained. Another test of identity is whether the same evidence will support both. Still another recognized test is whether the same full and adequate relief could be had in the prior action as in the one sought to be abated.*" 1 Am.Jur., Abatement and Revival, Section 28, p. 35. (Emphasis supplied.)

The first action brought by Alice J. Quale and Alice W. Rafter against the defendants is for damages arising out of the work performed by the plaintiffs herein, E. J. Meagher et al. They counterclaimed for the value of that work. They also have a right to a mechanic's lien for that work. Section 35–1203, NDRC 1943. They did not avail themselves of that right in connection with their counterclaim. That is a cumulative remedy which may be exercised even though a money judgment was obtained. 57 C.J.S., Mechanics' Lien, § 266, p. 874.

The present action brought by the plaintiffs is for the purpose of enforcing their mechanic's lien. It is not affected in any way by their counterclaim for that amount in the prior action brought by the defendant. The lien is not involved in that action at all. Even if the plaintiffs recovered judgment on their counterclaim in the prior action they would still have to bring an action in equity to enforce their lien.

In Erickson v. Russ, 21 N.D. 208, 129 N.W. 1025, 1026, 32 L.R.A.,N.S., 1072, this court said:

"The purpose of the mechanics' lien statute is to give to a certain class of

creditors security upon the product of their labor or material, to which they may resort, irrespective of the ordinary remedies at law. The lien does not destroy any contractual relation of indebtedness that may arise, and the debt which would exist if there were no mechanics' lien may be enforced, like any other debt, by an action at law in proper court.

"Neither is the lien waived or merged upon the obtaining of a judgment at law upon the debt. Until the lienor has realized upon said judgment or parted with the ownership thereof, it does not act to destroy his lien."

In the case of Erickson v. Russ, supra, the court held:

"Recovery of a judgment against the debtor in the suit at law does not waive the right to a lien, nor bar an equitable action to enforce the same" and "in the absence of statutory requirement, the lienor is not required to exhaust his remedy at law before resorting to the security of his lien."

There is no such requirement in our laws. The general rule is that a lien claimant may bring personal action against owner for debt as cumulative remedy without waiving right to lien. Roseliep v. Herro, 206 Wis. 256, 239 N.W. 413, 415.

In Smith v. Fleischman, 23 App.Div. 355, 48 N.Y.S. 234, the plaintiff and the defendant entered into a contract in writing by which the plaintiff undertook to do certain work and furnish certain materials for the completion and decoration of the defendant's store. Plaintiff was to be paid the sum of $5,375 for the work. Because of interference by Fleischman plaintiff was unable to complete the work. He filed a lien as provided by law for $2,135 claimed to be the unpaid balance of the contract. On Sept. 9, 1896, the defendant, Fleischman, brought an action against Smith for damages by reason of the breach of the contract. On Oct. 12, 1896, Smith brought an action against Fleischman for the foreclosure of his mechanic's lien. Fleischman in his answer claimed the pendency of the damage action brought by him was a good plea in abatement; that all matters in controversy on that issue were necessarily embraced in the issues of the first action. The court said:

"That to some extent the action at law involved the same general inquiry as that arising in this suit must be conceded. The allegation of a breach involves the whole subject of performance, and a counterclaim for the contract price might be set up and established; but it does not follow that this plaintiff would be enabled to foreclose his lien simply because he might, by way of counterclaim, recover a money judgment in the action at law. An entirely different line of evidence, relating to the establishment of a special statutory cause of action, would be required to enforce the lien. While the right to the enforcement of the lien is dependent upon the establishment of a legal right to recover, it does not follow that, where that right is brought in question in another action, the enforcement of the lien must be had concurrently with the establishment of the right." Smith v. Fleischman, 48 N.Y.S. 234, 236. See also National Fire Insurance Company v. William Hughes, 189 N.Y. 84, 81 N.E. 562, 12 L.R.A.,N.S., 907.

The defense of another action pending between the same parties for the same cause is a dilatory plea, technical in its nature. A person interposing such defense must clearly show himself entitled thereto. Such a plea is not sustained where full relief cannot be obtained in the first action. The actions now under consideration are not by the same plaintiff but although between the same persons their relations are reversed. 1 Am.Jur., Abatement and Revival, Sec. 26, Same Parties in Reverse Order, p. 33. The actions are not for the same thing. The first action brought by Alice J. Quale and Alice W. Rafter is an

**882**

action at law for damages and involves only the results of a tort claimed to have been committed in the fulfillment of a contract. The second action, brought by Meagher et al., involves not only the determination of the amount due for the work performed on the contract but for the enforcement of the lien filed for that account. The purposes of the actions are entirely different and the relief demanded is also different. The two actions are not identical. While a judgment for the plaintiffs in the first action, if it is shown that the defendants' claim, secured by their lien, is credited thereon, would be a bar to the second action, there is no certainty of such results. The plaintiff in that action had not brought it on for trial for almost five years. Full relief of the defendants in the first action cannot be obtained in that action because they would still have to bring an action to foreclose their lien. A "plea of former action pending is not good where, though actions relate to same subject-matter, their nature is essentially different." Reichart v. Pure Oil Co., 172 Minn. 8, 214 N.W. 669.

In McLain v. Nurnberg, 16 N.D. 138, 149, 112 N.W. 245, 246, this court says:

> "It is elementary that, unless the issues are identical in the two actions, an answer pleading the pendency of the former action must fail." See also Golly v. Kiner, 50 N.D. 800, 197 N.W. 883; Golly v. Northland Elevator Company, 53 N.D. 564, 207 N.W. 438.

We find that the issues in the two actions here involved are not identical and that the first action brought by Alice J. Quale, defendant in this action, does not operate as a bar to this second action. The motion to dismiss this action because of the prior action pending should, therefore, have been denied.

The order of the district court is reversed and the case remanded for further proceedings according to law.

BURKE, C. J., and JOHNSON, SATHRE, and MORRIS, JJ., concur.